LAIER v KITCHEN

Docket No. 251275. Submitted March 1, 2005, at Lansing. Decided May 24, 2005, at 9:10 a.m.

Donald A. Laier, as personal representative of the estate of Rodney A. Laier, deceased, brought a wrongful death action in the Washtenaw Circuit Court against Leonard K. Kitchen after Rodney Laier died on the defendant's property. The decedent was assisting the defendant in repairing a hydraulic hose of a front-end loader when the bucket dropped and fatally injured the decedent. The court, David S. Swartz, J., granted summary disposition for the defendant on the basis that the defendant had no duty to protect or warn an invitee of open and obvious dangers, and that the dangers of releasing a Vise-Grip on a leaking hydraulic system were open and obvious with no special aspect of the dangerous condition that made the open and obvious condition unreasonably dangerous. The plaintiff appealed.

The Court of Appeals, in separate opinions, *held*:

A defense based on the open and obvious danger doctrine is inapplicable to a claim of ordinary negligence. Issues of material fact preclude summary disposition of the premises liability claim.

NEFF, J., stated that, to the extent the plaintiff pleaded a viable claim of ordinary negligence, dismissal on the basis of the open and obvious danger doctrine was improper. There is no doctrinal basis for extending the open and obvious danger defense to ordinary negligence. The plaintiff alleged liability based on the defendant's failure to exercise care in the repair of the front-end loader and his operation of the equipment before the bucket fell and hit the decedent. This portion of the pleading gives rise to an ordinary negligence claim, to which the open and obvious doctrine is inapplicable. The decedent had a duty to exercise reasonable care for his personal safety and protection. Under comparative negligence, a plaintiff's damages are reduced in the same proportion by which the plaintiff's own conduct contributed to his or her injuries. Summary disposition was granted in error on the ordinary negligence claim because there appear to be genuine issues of material fact concerning negligence and comparative negligence.

The plaintiff claimed that the defendant owed the decedent a duty to protect him from unreasonable risks of injury known to the defendant and to warn the decedent about those risks. This is a premises liability claim. A premises possessor has no duty to protect an invitee from open and obvious dangers unless special aspects of the condition make even an open and obvious risk unreasonably dangerous. Whether a danger is open and obvious depends on whether it is reasonable to expect a reasonably prudent person to discover the danger on casual inspection. The decedent's knowledge and level of care used are irrelevant in determining whether the condition on the premises was unreasonably dangerous. The correct inquiry focuses on the condition of the premises and whether it was open and obvious, and, if so, whether special aspects made the condition unreasonably dangerous to a reasonably prudent person. The trial court erred in using a subjective analysis of the decedent's knowledge of farm machinery maintenance and repair, rather than evaluating whether a reasonably prudent person of ordinary intelligence would have discovered the danger on casual inspection or whether special aspects existed to render the condition unreasonably dangerous even if open and obvious.

SCHUETTE, J., concurring in the result of the lead opinion, stated that the decision of the trial court should be reversed and the case remanded. Given the paucity of the factual record, he would not use this case as an analytical tool to measure the breadth of the open and obvious danger doctrine in premises liability cases.

HOEKSTRA, P.J., concurring in part and dissenting in part, concurred with the lead opinion that the open and obvious doctrine is inapplicable to a claim of ordinary negligence. Because plaintiff's case sounds in ordinary negligence, and because the record is insufficiently developed with respect to that theory of liability, the case must be remanded for further proceedings on that theory.

He would have affirmed the trial court's grant of summary disposition for the defendant with regard to the premises liability claim, but on a different ground. The evidence showed that the tractor, as it was before the decedent and the defendant tried to repair it, sat with the bucket resting safely on the ground. The rationale for imposing premises liability is that the invitor is in a better position to control the safety aspects of his or her property when invitees entrust their protection to the invitor while entering the property. In this case, however, the defendant was in no better position to protect the decedent than was the decedent himself. The bucket that fatally injured the decedent was raised from its

innocuous position on the ground by a collective effort of the defendant and the decedent to make repairs. The rationale for imposing premises liability is neither implicated nor advanced by application of premises liability in this case.

Reversed.

NEGLIGENCE — ORDINARY NEGLIGENCE — OPEN AND OBVIOUS DANGER DOCTRINE.

A defense based on the open and obvious danger doctrine is inapplicable to a claim of ordinary negligence.

*Laurie S. Longo* for the plaintiff.

*Conlin, McKenney & Philbrick, P.C.* (by *William M. Sweet*), for the defendant.

Before: HOEKSTRA, P.J., and NEFF and SCHUETTE, JJ.

NEFF, J. Plaintiff appeals as of right an order of the trial court granting summary disposition for defendant and dismissing plaintiff's wrongful death action following his son's death in a farm equipment accident on defendant's property. We reverse and remand.

I. ISSUE

The decedent, Rodney Laier, was killed in an accident on defendant's property while assisting defendant with hydraulic hose repairs on the front-end loader of a tractor borrowed from plaintiff, which defendant broke while using it to compress materials in a dumpster. During the attempted repair, the bucket on the loader dropped, pinning Rodney against the tractor and killing him. The question presented is whether the open and obvious danger doctrine applies to limit defendant's liability under a theory of ordinary negligence as well as a theory of premises liability. We hold that the open and obvious danger doctrine is inapplicable to plaintiff's ordinary negligence claim. We further hold that al-

though the open and obvious doctrine applies to plaintiff's premises liability claim, genuine issues of material fact preclude summary disposition on the record before us.

## II. FACTS

On July 30, 1999, defendant and Rodney borrowed a 1967 John Deere model 3020 tractor from plaintiff to use on defendant's horse farm. The tractor was equipped with a large front-end loader bucket that was powered by the tractor's hydraulic system. Defendant used the tractor to compress materials in a dumpster on his property. As defendant lowered the bucket into the dumpster to compress the materials, he struck the dumpster with a hydraulic hose on the front-end loader. The hose was torn from the connector fitting, causing hydraulic fluid to spew from the hose and making the front-end loader inoperable. Defendant clamped off the hose with a Vise-Grip to prevent more fluid from leaking out, permitting the front-end loader to partially function.

The following day, defendant contacted Rodney and asked for his assistance in repairing the front-end loader. Defendant and Rodney traveled into town and obtained parts to fix the hydraulic hose. While the factual record of the accident is limited, upon returning to defendant's farm, defendant got on the tractor and raised the bucket four or five feet, then got off the tractor to assist Rodney, who stood between the tractor and the bucket to repair the hose and fitting. It appears that Rodney then removed the broken fitting, and either removed the hose from the good fitting or the hose blew off the good fitting. When the pressure in the hydraulic system was released, the bucket dropped, pinning Rodney between the bucket and the front-end

of the tractor. Rodney suffered a large laceration to the left side of his chest and crushing chest trauma that caused his death.

Plaintiff filed this wrongful death action alleging that Rodney's death was caused by defendant's negligence. The trial court granted defendant's motion for summary disposition and dismissed plaintiff's action on the ground that a landowner has no duty to protect or warn an invitee[1] of open and obvious dangers. The court found that the dangers of releasing a Vise-Grip on a hydraulic system were open and obvious and there was no special aspect of the dangerous condition that made the open and obvious condition unreasonably dangerous. The court noted that defendant knew little, if anything, about the repair of the tractor, while Rodney was quite knowledgeable and decided how to undertake the repair.

### III. STANDARD OF REVIEW

This Court reviews de novo questions of law. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). Likewise, the trial court's decision on a motion for summary disposition is reviewed de novo.

The trial court granted summary disposition for defendant pursuant to MCR 2.116(C)(10), which tests the factual support for a claim. *Dressel, supra*. On review, this Court must consider the record in the light most favorable to the nonmovant to determine whether any genuine issue of material fact exists that precludes entering judgment for the moving party as a matter of

---

[1] Although a duty owed by a premises owner depends on the status of the injured party, *James v Alberts*, 464 Mich 12, 19-20; 626 NW2d 158 (2001), quoting *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000), defendant did not dispute plaintiff's classification of Rodney as an invitee.

law. *Id.*; *Morales v Auto-Owners Ins Co*, 458 Mich 288, 294; 582 NW2d 776 (1998). Review is limited to the evidence presented to the trial court at the time the motion was decided. *Peña v Ingham Co Rd Comm*, 255 Mich App 299, 313 n 4; 660 NW2d 351 (2003).

### IV. OPEN AND OBVIOUS DANGER DOCTRINE

The trial court held that plaintiff's claim was precluded by the open and obvious danger doctrine. However, this case involves claims of both ordinary negligence and premises liability, and it must be analyzed accordingly. The distinction in theory is important and is one that the bench and bar have increasingly failed to recognize in applying the open and obvious danger doctrine.

The open and obvious danger doctrine is commonly applied in products liability and premises liability cases as a limitation on the duty of care owed, often in the context of a duty to warn. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 610, 614; 537 NW2d 185 (1995); *Glittenberg v Doughboy Recreational Industries (On Rehearing)*, 441 Mich 379, 390, 403; 491 NW2d 208 (1992). In general, there is no obligation to warn someone of dangers that are so obvious and apparent that a person may reasonably be expected to discover them and protect himself or herself. Prosser & Keaton, Torts (5th ed), § 61, p 427. The rationale underlying this doctrine is that "there should be no liability for failing to warn someone of a risk or hazard [that] he appreciated to the same extent as a warning would have provided." Prosser & Keaton, § 96, p 686. Further, invitors "are not absolute insurers of the safety of their invitees." *Bertrand, supra* at 614.

As our Supreme Court explained in *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001), the

open and obvious danger doctrine should not be viewed as an exception to the duty generally owed to invitees; rather, it is an integral part of the definition of that duty. "Duty exists because the relationship between the parties gives rise to a legal obligation." *Bertrand, supra* at 614. However, public policy may limit the scope of that duty. *Id.*

In the context of premises liability, the general rule is that a "premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo, supra* at 516. This duty does not require a premises possessor to protect an invitee from open and obvious dangers unless special aspects of a condition make even an open and obvious risk unreasonably dangerous:

> "When §§ 343 and 343A [of the Restatement Torts, 2d] are read together, the rule generated is that if the particular activity or condition creates a risk of harm *only* because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. On the other hand, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions." [*Id.* at 516-517, quoting *Bertrand, supra* at 611.]

In the context of products liability, the rules are analogous and based on similar policy. "For policy reasons, the law qualifies a manufacturer's duty to warn by declaring some risks to be outside that duty." *Glittenberg, supra* at 389. In general, "[m]anufacturers have a duty to warn purchasers or users of dangers associated with the intended use or reasonably foreseeable misuse of their products . . . ." *Id.* at 387. However,

the open and obvious danger rule applies to limit that duty. *Id.* at 390. "A manufacturer has no duty to warn if it reasonably perceives that the potentially dangerous condition of the product is readily apparent or may be disclosed by a mere casual inspection, and it cannot be said that only persons of special experience will realize that the product's condition or characteristic carries with it a potential danger." *Id.* at 390-391.

With regard to simple products, "the duty inquiry asks whether people must be told what they already know," e.g., that a knife cuts or a stove burns. *Id.* at 391. That is, "an obvious danger is no danger to a 'reasonably' careful person." *Id.* at 396. "[I]f the risk is obvious from the characteristics of the product, the product itself telegraphs the precise warning that plaintiffs [would claim] is lacking." *Id.* at 394. Accordingly, a "manufacturer of a simple product has no duty to warn of the product's potentially dangerous conditions or characteristics that are readily apparent or visible upon casual inspection and reasonably expected to be recognized by the average user of ordinary intelligence." *Id.* at 385.

Whether a defendant may properly rely on the defense of open and obvious danger depends on the theory of liability at issue. *Walker v Flint,* 213 Mich App 18, 20-22; 539 NW2d 535 (1995). The defense is clearly available in response to a premises liability or products liability claim based on a failure to warn. *Glittenberg, supra* at 390, 403; *Riddle v McClouth Steel Products Corp,* 440 Mich 85, 96-97; 485 NW2d 676 (1992); *Walker, supra.* This Court has further held that the doctrine applies to a premises liability case whether the plaintiff has pleaded the claim as a failure to warn of a dangerous condition or as a breach of duty in allowing the dangerous condition to exist. *Millikin v Walton*

*Manor Mobile Home Park, Inc,* 234 Mich App 490, 497;
595 NW2d 152 (1999) (injured plaintiff, who fell over a
supporting wire for a utility pole, alleged that the
defendant allowed the support wire to be where it was
in an unreasonable and negligent manner). However,
the doctrine does not exonerate a defendant from
liability where the claim is one of a statutory duty to
maintain and repair the premises. *Walker, supra* at 22.
It is with this background in mind that we now consider
the claims before us.

### V. ANALYSIS OF PLAINTIFF'S CLAIMS

In this case, plaintiff's complaint alleged a single
count of negligence without identifying any specific
theory of liability. It was clear from the duties alleged in
the complaint, and plaintiff's argument, however, that
plaintiff was relying in part on a theory of premises
liability. Accordingly, defendant argued, and the trial
court apparently agreed, that plaintiff's claim was pre-
cluded by the open and obvious danger doctrine, regard-
less of the theory of liability.[2] To the extent that plaintiff
pleaded a viable claim of ordinary negligence, dismissal
on the basis of the open and obvious danger doctrine
was improper. There is no doctrinal basis for extending
the open and obvious danger defense to ordinary negli-
gence.

Although case law may appear to support the exten-
sion of the open and obvious danger doctrine to circum-

---

[2] Part of the difficulty in this case stems from plaintiff's lack of
specificity in his pleadings and arguments. It is incumbent on plaintiffs to
properly set forth their causes of action and theories of liability, particu-
larly in the complex area of negligence law, to enable the parties to argue,
and the courts to apply, appropriate legal analysis. In an effort to assist in
that regard, we give due consideration to what we presume are plaintiff's
claims despite these shortcomings.

stances similar to the negligence claim in this case, these cases merely reflect differing applications of the doctrine in the contexts of premises liability and products liability. Michigan law concerning the open and obvious danger doctrine is derived from § 343A(1) of 2 Restatement Torts, 2d, p 218, which provides:

> A possessor of land is not liable to his invitees for physical harm caused to them by *any activity or condition* on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. [Emphasis added. See *Bertrand, supra* at 610.]

The confusion that has arisen apparently stems from the Restatement's reference to "any activity or condition on the land," thus prompting a misconception that the doctrine applies whenever the alleged negligence involves an activity or condition on the land. However, that language is clearly relevant only if the claim concerns the liability of a possessor of land to his invitees, i.e., premises liability. Likewise, the reference to a "condition on the land" in cases involving licensees is derived from § 342 of 2 Restatement Torts, 2d, p 210, and concerns only liability as a possessor of land, not negligent conduct in general.

In *Klimek v Drzewiecki*, 135 Mich App 115; 352 NW2d 361 (1984), this Court applied the open and obvious danger doctrine in a premises liability case. The plaintiff sought recovery for injuries sustained by her four-year-old son, who was bitten on the face by a dog while the child was playing, unsupervised, outside the home of the defendant, the plaintiff's sister. *Id.* at 117-118. The plaintiff and her son were social guests of the defendant, and the dog belonged to the defendant's neighbor. *Id.* at 118. The Court held "that a loose, unsupervised and dangerous dog either on the defen-

dant's land or in close proximity to the defendant's land without any obstacle to prevent it from entering [the] defendant's land constituted a 'condition on the land' as that term is used in . . . 2 Restatement Torts, (2d), § 342, p 210." *Id.* at 119.

Similarly, *Eason v Coggins Mem Christian Methodist Episcopal Church,* 210 Mich App 261; 532 NW2d 882 (1995), was a premises liability case in which the plaintiff's decedent, an invitee, was fatally injured when a ladder and scaffolding set up by the defendant's agents collapsed, allegedly because the ladder was missing a safety latch. *Id.* at 262-263. The Court observed that the care required of a landowner to make premises safe for invitees extended to instrumentalities on the premises that the invitee uses at the invitation of the premises owner. *Id.* at 264. Accordingly, the Court concluded that the defendant may be liable on a theory of premises liability because the defect in the ladder was alleged to be latent and not open and obvious. *Id.* at 266. In *Eason,* as in *Klimek,* the analysis addressed no allegation of negligent conduct by the defendant beyond the mere failure to exercise care as the owner of the premises.

In *Resteiner v Sturm, Ruger & Co, Inc,* 223 Mich App 374; 566 NW2d 53 (1997), this Court applied the open and obvious danger doctrine to a revolver because the claim was a products liability claim involving a failure to warn against the danger of theft. *Id.* at 380 (opinion by WHITE, P.J.). The analysis in *Resteiner* is therefore grounded in product liability law. "[T]he manufacturer of a simple product has no duty to warn of the product's potentially dangerous conditions or characteristics when they are readily apparent or visible upon casual inspection and reasonably expected to be recognized by the average user of ordinary intelligence." *Id.*;

see also *Glittenberg, supra* (discussing application of the open and obvious danger doctrine in the context of products liability law).[3]

In a negligence case, the theory of liability determines the nature of the duty owed and whether the open and obvious danger doctrine is applicable. In a premises liability claim, liability emanates merely from the defendant's duty as an owner, possessor, or occupier of land. However, that does not preclude a separate claim grounded on an independent theory of liability based on the defendant's conduct, as in this case. Here, defendant sought Rodney's assistance in repairing the front-end loader. Plaintiff alleged liability based on defendant's failure to exercise care in the repair of the front-end loader and his operation of the equipment before the bucket fell and injured Rodney, which was an additional theory of liability separate from that of premises liability. See *Walker, supra* at 21-22 (failure to warn was an additional theory of liability where the plaintiff also alleged a breach of statutory duty).

### A. ORDINARY NEGLIGENCE CLAIM

Plaintiff's complaint stated that defendant "owed a duty to Rodney to use due care and caution in the operation and control of the tractor and bucket." Defendant's *conduct* was thus an alleged basis of liability, independent of premises liability. *James v Alberts,* 464

---

[3] *Valinski v Little Mexico Restaurant,* unpublished opinion per curiam of the Court of Appeals, issued September 24, 2002 (Docket No. 233446), also appears to apply the open and obvious danger doctrine to claims analogous to those in this case. The Court concluded that a hot skillet used by the defendant restaurant to serve food to the plaintiff was within the scope of the open and obvious doctrine. *Id.* at slip op pp 2-3. However, a review of the cases cited reveals that the analysis is merely an amalgamation of products liability and premises liability precedents. Regardless, *Valinski* is not binding precedent. MCR 7.215(C)(1).

Mich 12, 19; 626 NW2d 158 (2001). Although there was evidence that Rodney was employed by defendant as a farm manager, the record is inconclusive regarding his employment status at the time of the accident. Regardless, the fact that Rodney was voluntarily assisting defendant does not necessarily preclude plaintiff's alleged claim. "[I]f a person is injured by the direct negligence of another, whom he is attempting to assist, the latter's duty generally turns on foreseeability." *Id.* at 15; see also 18A Michigan Civil Jurisprudence, Negligence, § 15, p 103 ("Every person who engages in the performance of an undertaking has an obligation to use due care or to act so as not to unreasonably endanger the person or property of another."). Moreover, "[a] higher degree of care is required in dealing with a dangerous agency than in the ordinary affairs of life or business, which involve little or no risk, and, as no absolute standard can be fixed by law, every reasonable precaution suggested by experience and the known danger ought to be taken." *Id.*, § 29, pp 122-123.

Plaintiff thus alleged a claim of ordinary negligence, to which the open and obvious danger defense is inapplicable. That is not to say that other similar defenses may not be properly applied. However, the defense must be considered in light of the duty at issue. For example, a premises owner's liability with regard to dangerous power tools, such as lawn mowers, is not grounded in mere premises liability:

> It is generally true that one's right to maintain for a lawful purpose a dangerous appliance or instrumentality on his own premises is not limited or qualified by the degree in which it may be dangerous. Moreover, liability for negligence in keeping a dangerous instrumentality is not an absolute liability, and the mere fact that an instrumentality may become dangerous to others does not constitute its possessor an insurer against injury that may result

therefrom. On the contrary, liability for negligence in respect to dangerous instrumentalities, as liability for negligence generally, arises from the failure to use due care, and one who causes or authorizes the use of a dangerous instrument or article in a negligent manner, or under such circumstances that he has reason to know it is likely to produce injury, is responsible for the natural and probable consequences of his act to any person injured who is not himself at fault. [Anno: *Liability of owner or occupant of premises to injured person permitted to use power tools or appliances,* § 1a, 46 ALR2d 1377-1378.]

Both Rodney and defendant were aware that the tractor's hydraulic system was broken. The two set out to repair it, and defendant was in the position to control the bucket, which he raised four or five feet so that Rodney could get into a position to work on the hydraulic hose and fitting. It is not at all clear what happened next to cause the bucket to fall and fatally injure Rodney, but it is arguable that some action or inaction of defendant resulted in the fatal event.[4] What is clear is that defendant failed to secure the bucket in the raised position. Under these circumstances, questions of negligence and comparative negligence are properly left to the jury.

"To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) causation, and (4) damages." *Case v Consumers Power Co,* 463 Mich 1, 6; 615 NW2d 17 (2000). "Duty" is a legally recognized obligation " 'to conform to a particu-

---

[4] To the extent that plaintiff failed to fully articulate the nature of the duty at issue in his complaint, the claim is nonetheless properly considered on remand. See *Eason, supra* at 266 (although the plaintiff went beyond the four corners of the complaint to explain her specific theory of latent defect in the ladder at the motion hearing, her comments merely showed that further factual development may establish a theory of recovery).

lar standard of conduct to protect others against an unreasonable risk of harm.' " *Burnett v Bruner*, 247 Mich App 365, 368; 636 NW2d 733 (2001), quoting *Riddle, supra* at 96. Ordinarily, whether a duty exists is a question of law for the court. *Burnett, supra* at 368. If there is no duty, summary disposition is proper. *Beaudrie v Henderson*, 465 Mich 124, 130; 631 NW2d 308 (2001). However, if factual questions exist regarding what characteristics giving rise to a duty are present, the issue must be submitted to the fact-finder. *Howe v Detroit Free Press, Inc*, 219 Mich App 150, 156; 555 NW2d 738 (1996), aff'd 457 Mich 871 (1998). Determination of the existence of duty, as a question of law, is subject to review de novo on appeal. *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004).

An adult plaintiff has a duty to exercise reasonable care for his own safety and protection. *Berry v J & D Auto Dismantlers, Inc*, 195 Mich App 476, 484; 491 NW2d 585 (1992). Thus, the doctrine of pure comparative negligence distributes responsibility according to the proportionate fault of the parties. It requires that a plaintiff's damages be reduced in the same proportion by which the plaintiff's own conduct contributed to his or her injuries. MCL 600.2959; *Placek v Sterling Hts*, 405 Mich 638, 660-661, 681; 275 NW2d 511 (1979). The standards for determining the comparative negligence of a plaintiff are the same as those of a defendant—the jury must consider the nature of the conduct and its causal relationship to the damages—and the question is one for the jury unless all reasonable minds could not differ or because of some ascertainable public policy consideration. MCL 600.6304(2); *Rodriquez v Solar of Michigan, Inc*, 191 Mich App 483, 488; 478 NW2d 914 (1991).

Defendant owed the decedent a duty of ordinary care not to act negligently with regard to the repairs undertaken and control of the tractor's front-end loader. That is, plaintiff's decedent was in a position of peril under the bucket and involved in an undertaking with defendant at the time the fatal injury occurred. That the bucket fell and killed Rodney may or may not have been the proximate result of defendant's negligence. The fact that Rodney was in a position of peril may or may not have been the result of his own comparative negligence. On the record and pleadings before us, it appears that there may be genuine issues of material fact regarding all these matters.

### B. PREMISES LIABILITY CLAIM

In addition to the duty owed concerning conduct, plaintiff alleged a duty based on Rodney's status as an invitee, i.e., a duty to protect Rodney from unreasonable risks of injury known to defendant and to warn Rodney about those risks. This allegation was the basis of plaintiff's claim of premises liability, to which the open and obvious danger doctrine properly applies.

As discussed previously, in general, a premises possessor has no duty "to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo, supra* at 517.

> [W]ith regard to open and obvious dangers, the critical question is whether there is evidence that creates a genuine issue of material fact regarding whether there are truly "special aspects" of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm, i.e., whether the

"special aspect" of the condition should prevail in imposing
liability upon the defendant or the openness and obvious-
ness of the condition should prevail in barring liability. [*Id.*
at 517-518.]

A plaintiff's knowledge and level of care used are
irrelevant in determining whether a condition that was
either created or allowed to continue by a premises
possessor was unreasonably dangerous. *Lugo, supra* at
523-524. The correct inquiry focuses on the *condition of
the premises* and whether it was open and obvious, and,
if so, whether special aspects of the situation neverthe-
less made it unreasonably dangerous. *Id.* at 523. Be-
cause Michigan follows the rule of comparative negli-
gence, the fact that a plaintiff was also negligent does
not bar a cause of action. *Id.* Accordingly, in deciding a
motion for summary disposition in an open and obvious
danger case, the court must focus on the objective
nature of the condition of the premises at issue. *Id.* at
524.

Whether a danger is open and obvious depends on
whether it is reasonable to expect an average user of
ordinary intelligence to discover the danger upon
casual inspection. *Kenny v Kaatz Funeral Home, Inc,*
264 Mich App 99, 105; 689 NW2d 737 (2004); *Weakley
v Dearborn Hts,* 240 Mich App 382, 385; 612 NW2d 428
(2000). This test focuses on the "reasonably prudent
person," and is, therefore, objective in nature. *Mann v
Shusteric Enterprises, Inc,* 470 Mich 320, 329 n 10; 683
NW2d 573 (2004); *Kenny, supra* at 105-106. Thus,
courts are required to determine whether a *reasonable
person* in the plaintiff's position would foresee the
danger, and not whether a particular plaintiff should
have foreseen the danger. *Mann, supra* at 329; *Lugo,
supra* at 518 n 2; *Kenny, supra* at 106.

In the present case, the trial court found:

> [T]he dangers of releasing a vice grip [sic] on a hydraulic system were open and obvious. That is, *decedent* could have discovered the condition upon casual inspection. Because *decedent* was knowledgeable about the attempted repairs and no special aspect "of the dangerous condition existed" in this particular case. Indeed the evidence is uncontroverted that the defendant knew little, if anything about the repair of the tractor. While *decedent* was quite knowledgeable and decided how to fix it.
>
> Accordingly, there is no duty for defendant to warn or instruct the decedent on how to fix the tractor. [Emphasis added.]

The trial court erred in relying on this subjective analysis to determine that the dangerous condition of the tractor was open and obvious. The court subjectively weighed Rodney's knowledge of farm machinery maintenance and repair, rather than evaluating whether a reasonably prudent person of ordinary intelligence would have discovered the danger on casual inspection. Rodney's knowledge of farm equipment, general maintenance, and repair, and defendant's awareness of that knowledge, are irrelevant under the reasonably prudent person standard of the open and obvious danger doctrine.

Likewise, the record suggests that the trial court applied the same incorrect subjective standard in determining whether special aspects existed based on what Rodney did and did not know. In *Bertrand, supra* at 617, the Court considered whether a special aspect was created by the character, location, or surrounding conditions of the risk, in that case, steps. Subsequently, in *Lugo*, the Court noted that special aspects such as an unavoidable condition or one that poses an unreasonably high risk of severe harm can render an open and obvious condition unreasonably dangerous. *Lugo, supra*

at 518. The consideration of any special aspects in this case should be considered accordingly.

Summary disposition under MCR 2.116(C)(10) is properly granted if there is no genuine issue regarding any material fact and if the moving party is entitled to judgment or partial judgment as a matter of law. *Kenny, supra* at 104. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp,* 469 Mich 177, 183; 665 NW2d 468 (2003). Given the trial court's erroneous subjective analysis of the open and obvious danger issues, summary disposition of plaintiff's premises liability claim was improper. On the record before us, it cannot be said that no genuine issue of material fact exists on which reasonable minds could differ regarding whether plaintiff's claim was barred by the open and obvious danger doctrine.

### VI. CONCLUSION

Plaintiff's complaint sounds in both ordinary negligence and premises liability, and these claims must be considered in the proper contexts. To the extent that plaintiff seeks recovery on a theory of premises liability, the application of the open and obvious danger doctrine is proper. However, to the extent that plaintiff's alleged claim is based on ordinary negligence, a traditional negligence analysis applies, and no basis exists for applying the open and obvious danger doctrine. Even if the tractor is properly considered an "activity or condition on the land," this circumstance is relevant only in analyzing defendant's liability as owner of the premises and not in analyzing whether defendant breached a duty otherwise owed to plaintiff. We reverse the grant of

summary disposition for defendant and remand for further proceedings with regard to both theories of liability.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

SCHUETTE, J. (*concurring in the result only*). The issue before this Court involves a tragic accident where the bucket on a front-end loader crushed plaintiff's decedent, who was attempting to fix a broken hydraulic hose fitting on the front-end loader.

The record of this case is about as thick as the bent grass on a putting green is tall and is about as factually underdeveloped as a fourth-world economy.

I concur in Judge NEFF's conclusion that the decision of the trial court should be reversed and the case remanded for further proceedings. Plaintiff should be offered an opportunity to amend his complaint. In so doing, plaintiff is encouraged to state with clarity his theory or theories of action and the grounds proposed for imposing liability, if any, upon defendant.

Given the paucity of the factual record before this Court, it is premature to utilize this specific case as an analytical tool to measure the breadth of the open and obvious danger doctrine in premises liability cases. Several opinions have expanded the application of the open and obvious danger doctrine. In *Valinski v Little Mexico Restaurant*, unpublished opinion per curiam of the Court of Appeals, issued September 24, 2002 (Docket No. 233446), although not binding precedent, this Court held that a restaurant's serving food items on a hot skillet could be considered an activity or condition on the land. In *Klimek v Drzewiecki*, 135 Mich App 115, 119; 352 NW2d 361 (1984), this Court held that a loose dog is a "condition on the land." In

*Resteiner v Sturm, Ruger & Co, Inc*, 223 Mich App 374, 380; 566 NW2d 53 (1997), this Court applied the open and obvious danger doctrine to a revolver as a product. In *Eason v Coggins Mem Christian Methodist Episcopal Church*, 210 Mich App 261, 264; 532 NW2d 882 (1995), this Court applied the open and obvious danger doctrine to a ladder with a defective safety latch, which ladder was placed on the outside of defendant's church building, and held that the ladder was an instrumentality in that premises liability case. On the other hand, some advocate a narrower reading of § 343A(1) of the Restatement Torts, 2d, wherein the doctrine of open and obvious does not apply whenever the alleged negligence involves an activity or condition on the land. I would not delve into this type of doctrinal analysis on such a sparse record.

Therefore, while I concur in the result reached by my colleague, I decline to join Judge NEFF in her thoughtful analysis.

HOEKSTRA, P.J., *(concurring in part and dissenting in part)*. I agree with the lead opinion that plaintiff's complaint arguably sounds in ordinary negligence and that, for the reasons stated in part IV of the opinion, the open and obvious danger doctrine is inapplicable to such a claim. Accordingly, because the trial court and the parties failed to recognize ordinary negligence as a theory of recovery separate from premises liability and thus failed to develop a record sufficient to permit any meaningful review by this Court, I would remand for further proceedings regarding that theory of liability. However, to the extent that the lead opinion suggests that plaintiff may possess a viable claim for ordinary negligence, I defer to the development of evidence on remand and express no opinion regarding what that evidence may show.

With respect to plaintiff's premises liability claim, on review de novo I would affirm the trial court's grant of summary disposition, albeit on a different ground.[1] As recognized by the lead opinion, "[i]n the context of premises liability, the general rule is that 'a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land.' " *Ante* at 488, citing *Lugo v Ameritech Corp, Inc,* 464 Mich 512, 516; 629 NW2d 384 (2001). Here, however, the evidence is clear that the tractor, as it was before plaintiff's decedent and defendant took it to repair it, presented no danger. Indeed, it is not disputed that the bucket was safely on the ground until repairs to the tractor's hydraulic system commenced. Moreover, the rationale for imposing premises liability is that the invitor is in a better position to control the safety aspects of his or her property when invitees entrust their protection to the invitor while entering the property. *Bertrand v Alan Ford, Inc,* 449 Mich 606, 609; 537 NW2d 185 (1995). In this case, however, defendant was in no better position to protect plaintiff's decedent than was plaintiff's decedent himself. Indeed, it is not disputed that the bucket was raised from its innocuous position on the ground as a collective effort of plaintiff's decedent and defendant in order to effectuate the necessary repairs. Under such circumstances, the rationale for imposing premises liability is neither implicated nor advanced by application in this case. Conse-

---

[1] In remanding plaintiff's claim for premises liability on the ground that the trial court erred in applying a subjective analysis to determine that the dangerous condition of the tractor was open and obvious, the lead opinion fails to recognize that our review of a trial court's resolution of a motion for summary disposition is de novo and that, therefore, we may uphold the trial court's ruling where it has reached the right result albeit for the wrong reason. See *Hess v Cannon Twp,* 265 Mich App 582, 589; 696 NW2d 742 (2005).

quently, because the evidence fails to present a question of material fact concerning breach of the duty owed by defendant as a possessor of land, I would affirm the trial court's grant of summary disposition of plaintiff's premises liability claim. MCR 2.116(C)(10); *Kraft v Detroit Entertainment, LLC*, 261 Mich App 534, 539-540; 683 NW2d 200 (2004).