*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ARLENE D. DAVIDSON,

       Plaintiff-Appellee,

v

STEVE'S FAMILY DINING II, INC.,

       Defendant-Appellant.

UNPUBLISHED
March 2, 2023

No. 361730
Wayne Circuit Court
LC No. 21-005288-NO

Before: K. F. KELLY, P.J., and MURRAY and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by leave granted the trial court's order denying defendant's motion for summary disposition under MCR 2.116(C)(10). On appeal, defendant argues that the trial court erred by holding that there is a genuine issue of fact as to whether the wet floor had special aspects that made it an effectively unavoidable hazard. We agree and therefore reverse the trial court's order and remand for entry of an order granting defendant's motion for summary disposition.

This case arises from plaintiff's slip and fall injury in defendant's restaurant. The accident occurred while plaintiff was walking to the restroom to wash her hands. Plaintiff was familiar with the restaurant layout and headed down the "L-shaped" hallway to the restroom. Plaintiff then fell as she turned the corner in the hallway. Her right foot slipped quickly on water, and she fell on her side, breaking her wrist.

Plaintiff testified that the entire hallway floor was full of freshly mopped water, describing the water as slippery as if it contained soap. Plaintiff admitted that she saw the water before falling and walked carefully down the hallway but did not think to turn around. She also testified that both her husband and the EMS personnel struggled to walk through the hallway to assist her after she fell.

Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that the wet floor was an open and obvious condition with no special aspects. The trial court agreed that the wet floor was an open and obvious condition because plaintiff saw the water before she fell. However, the trial court held that there was a genuine issue of fact pertaining to special aspects.

-1-

## I. STANDARD OF REVIEW

This Court reviews de novo a trial court's ruling on a motion for summary disposition brought under MCR 2.116(C)(10). *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). Under MCR 2.116(C)(10), a party is entitled to summary disposition when the evidence does not present a genuine issue of material fact. *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 470; 957 NW2d 377 (2020). "A genuine issue of material fact exists when the record, viewed in the light most favorable to the nonmoving party, leaves open an issue upon which reasonable minds might differ." *MacDonald v Ottawa Co*, 335 Mich App 618, 622; 967 NW2d 919 (2021) (quotations marks and citation omitted). "The reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered in opposition to the motion." *Jewett*, 332 Mich App at 470 (quotation marks and citation omitted). This includes "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties." *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). This Court does not make factual findings or weigh credibility. *Burkhardt v Bailey*, 260 Mich App 636, 647; 680 NW2d 453 (2004) (citation omitted).

## II. OPEN AND OBVIOUS[1]

The open and obvious danger doctrine pertains to the duty element of a premise-liability claim. *Hoffner v Lanctoe*, 492 Mich 450, 476; 821 NW2d 88 (2012). Generally, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, this general duty does not exist as to the removal of open and obvious dangers:

> [W]here the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee. [*Id*. (quotation marks and citation omitted).]

A limited exception to the open and obvious danger doctrine arises when "special aspects of a condition make even an open and obvious risk unreasonable." *Hoffner*, 492 Mich at 461.

We conclude that there is no genuine issue of fact as to whether the wet floor was an open and obvious danger. An open and obvious danger exists when "the dangers are *known to the invitee* or are so obvious that the invitee might reasonably be expected to discover them." *Riddle*

---

[1] Defendant argues in its reply brief that whether there is a genuine issue of fact that the wet floor was open and obvious is not properly before this Court because plaintiff has not cross-appealed the trial court's finding that the wet floor was open and obvious. Additionally, defendant argues that this Court granted leave to appeal limited to the issues raised in the application. MCR 7.205(E)(4); *Yoost v Caspari*, 295 Mich App 209, 229; 813 NW2d 783 (2012). This may all be true, but defendant argued in its application and its principal brief that there was no genuine issue of material fact whether the water was an open and obvious condition, so plaintiff quite naturally responded to that issue being raised in the application and briefing.

*v McLouth Steel Products Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992) (emphasis added). "Whether a danger is open and obvious depends on whether it is reasonable to expect an average user of ordinary intelligence to discover the danger upon casual inspection." *Laier v Kitchen*, 266 Mich App 482, 498; 702 NW2d 199 (2005). This test is objective and focuses on the reasonably prudent person. *Id*. This Court is "required to determine whether a *reasonable person* in the plaintiff's position would foresee the danger, and not whether a particular plaintiff should have foreseen the danger." *Id*.

Plaintiff admitted and confirmed when asked to clarify, that she was aware that the floor was wet before she walked across it. She further stated that she attempted to walk carefully across the floor because she appreciated that there was a risk of slipping. A business invitor owes no duty when the dangers are known to the invitee. *Riddle*, 440 Mich at 96. Because plaintiff had prior knowledge that the floor was wet before traversing it, noticed that it was wet because it appeared freshly mopped, and walked carefully across the wet floor in appreciation of the risk of slipping, the trial court was correct in its conclusion, even when viewed in a light most favorable to plaintiff as the nonmoving party, that the floor's wet condition was an open and obvious condition to which no duty to warn attached.

## III. SPECIAL ASPECTS

Under the limited special aspects exception to the open and obvious danger doctrine, "liability may be imposed only for an unusual open and obvious condition that is unreasonably dangerous because it present[s] an extremely high risk of severe harm to an invitee in circumstances where there is no sensible reason for such an inordinate risk of severe harm to be presented." *Hoffner*, 492 Mich at 462 (quotation marks and citation omitted). Relying on *Lugo*, the Supreme Court has explained:

> This Court has discussed two instances in which the special aspects of an open and obvious hazard could give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*. *In either circumstance*, such dangers are those that 'give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided' and thus must be differentiated from those risks posed by ordinary conditions or typical open and obvious hazards. Further, we have recognized that neither a common condition nor an avoidable condition is uniquely dangerous. [*Id*. at 463 (citations omitted).]

The standard for effective unavoidability "is that a person, for all practical purposes, must be required or compelled to confront a dangerous hazard. As a parallel conclusion, situations in which a person has a choice whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Hoffner*, 492 Mich at 469. The Court has hypothesized a scenario in which an effectively unavoidable dangerous condition could exist:

> [A] commercial building with only one exit for the general public where the floor is covered with standing water. While the condition is open and obvious, a customer wishing to exit the store must leave the store through the water. [*Lugo*, 464 Mich at 518.]

In *Hoffner*, the Supreme Court rejected a plaintiff's argument that the condition was effectively unavoidable when the plaintiff slipped on the icy entrance to a fitness center in which she had a contractual right to enter as a member. *Hoffner*, 492 Mich at 469. The hazard was not effectively unavoidable because the plaintiff's desire to use the gym did not force her to traverse the hazard. *Id*. at 473-474.

In a more recent decision, the Court considered a case under the effectively unavoidable standard in the context of an employee falling when she traversed a sheet of ice blocking the entrance of her job. *Estate of Livings v Sage's Investment Group, LLC*, 507 Mich 328, 334; 968 NW2d 397 (2021). The Court explained that "[i]f an employee could have avoided the condition through the use of due care under the circumstances, then the condition was not effectively unavoidable." *Id*. at 347. Under this standard, the Court found a genuine issue of fact existed as to whether the ice was effectively unavoidable because evidence suggested that the ice covered the entire parking lot and encompassed both the employee and customer parking lot. *Id*. at 348. No reasonable alternative existed because the plaintiff could not leave and return when the condition was resolved. *Id*. This would have been tantamount to skipping work. *Id*.

Here, there was no genuine issue of material fact that no special aspects existed, making the wet floor "effectively unavoidable." Plaintiff testified only that she went to the restroom to wash her hands. Even when viewing plaintiff's testimony in the light most favorable to her as the nonmoving party, there is no evidence that she lacked any choice other than to traverse the wet floor. See *Hoffner*, 492 Mich at 469. When plaintiff observed the wet floor, she could have asked the restaurant staff to dry the floor, provide her with alternative means to wash her hands, or assist her in walking to the restroom.

Further, a wet floor in a restaurant is not an unreasonably dangerous condition. An open and obvious condition may be "unreasonably dangerous because of special aspects that impose an unreasonably high risk of severe harm." *Lugo*, 464 Mich at 518. The hazard "must be more than theoretically or retrospectively dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances." *Hoffner*, 492 Mich at 472. The hypothetical provided in *Lugo* is "an unguarded thirty foot deep pit in the middle of a parking lot." *Lugo*, 464 Mich at 518. "[T]ypical open and obvious dangers (such as ordinary potholes in a parking lot) do not give rise to these special aspects." *Id*. at 520. The average person "would typically be able to see the pothole and avoid it. Further, there is little risk of severe harm." *Id*. "Unlike falling an extended distance, it cannot be expected that a typical person tripping on a pothole and falling to the ground would suffer severe injury." *Id*. Given the evidence on review, viewed in a light most favorable to plaintiff, the conditions of the floor did not give rise to the high likelihood of severe harm posed by falling into a 30-foot deep pit. See *id*. at 518, 520. In fact, plaintiff testified that despite her knowledge of the wet floor, she was not worried about falling.

The trial court erred by holding that there was a genuine issue of fact as to whether the wet floor met the special aspects exception to the open and obvious danger doctrine. Therefore, we reverse the trial court and remand for entry of an order granting defendant's motion for summary disposition. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Brock A. Swartzle