*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN DIMAGGIO,

       Plaintiff-Appellant,

UNPUBLISHED
November 30, 2023

v

No. 364010
Wayne Circuit Court
LC No. 22-005796-NO

SIDNEY TRANSPORTATION SERVICES, and
KEVIN SCHAFFER,

       Defendants-Appellees.

Before: O'BRIEN, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff, Steven DiMaggio, appeals as of right the trial court's order granting defendants' motion for summary disposition under MCR 2.116(C)(8). On appeal, plaintiff argues that the trial court erred when it determined that his claims sounded in premises liability rather than ordinary negligence. We agree and, therefore, reverse and remand to the trial court for further proceedings.

## I. BACKGROUND

Plaintiff owns an ice cream and candy store, Alinosi Ice Cream and Candy, in Detroit. In July 2021, defendant Kevin Schaffer arrived at Alinosi to deliver goods on behalf of defendant Sidney Transportation Services. During the delivery, plaintiff was assisting Schaffer in carrying loads of goods from the delivery truck to Alinosi's entrance using a hand truck. While Schaffer was unwrapping the packaged goods, he was depositing the sticky shrink wrap from the packages into the walkway that led from the delivery truck to Alinosi's entrance. After carrying two loads into the store, plaintiff was returning to the delivery truck to pick up another load when his feet became tangled in the discarded shrink wrap and he fell, sustaining serious injuries. Plaintiff did not see the shrink wrap that Schaffer discarded in the walkway prior to falling.

As a result of these events, plaintiff filed a complaint against defendants for negligence and vicarious liability. In lieu of answering the complaint, defendants moved to dismiss under MCR 2.116(C)(8). Defendants argued that because plaintiff's injuries occurred due to a dangerous condition on the land, his claims sounded in premises liability rather than ordinary negligence, regardless of what he labeled his claims. Further, defendants argued that plaintiff could not

maintain a premises liability claim against defendants because plaintiff was injured on his own land. In response, plaintiff contended that his complaint alleged ordinary negligence, not premises liability. Plaintiff argued that his complaint clearly reflected this, as it alleged that he was injured as a result of Schaffer's negligent conduct.

The trial court granted defendants' motion for summary disposition without oral argument and entered a final order closing the case. Plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

## II. DISCUSSION

Plaintiff argues that the trial court erred when it granted summary disposition to defendants under MCR 2.116(C)(8) because plaintiff's claims sound in ordinary negligence, not premises liability. We agree.

## A. STANDARD OF REVIEW

"A trial court's decision to grant a motion for summary disposition is reviewed de novo." *Bowman v Walker*, 340 Mich App 420, 425; 986 NW2d 419 (2022). As explained by this Court:

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint; we accept all well-pleaded factual allegations as true and construe them in a light most favorable to the nonmovant. A motion for summary disposition under MCR 2.116(C)(8) is properly granted when, considering only the pleadings, the alleged claims are clearly unenforceable as a matter of law and no factual development could justify recovery. [*Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 623; 971 NW2d 716 (2021) (citations omitted).]

## B. ANALYSIS

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Jahnke v Allen*, 308 Mich App 472, 474; 865 NW2d 49 (2014) (quotation marks and citation omitted). "Ordinary negligence claims are grounded on the underlying premise that a person has a duty to conform his or her conduct to an applicable standard of care when undertaking an activity." *Lymon v Freedland*, 314 Mich App 746, 756; 887 NW2d 456 (2016). In contrast, "[i]n a premises liability claim, liability emanates merely from the defendant's duty as an owner, possessor, or occupier of land." *Laier v. Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005) (Opinion by NEFF, J.). Therefore, "[w]hen an injury develops from a condition of the land, rather than emanating from an activity or conduct that created the condition on the property, the action sounds in premises liability." *Woodman v Kera, LLC*, 280 Mich App 125, 153, 760 NW2d 641 (2008) (Opinion by TALBOT, J.).

"[I]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691-692; 822 NW2d 254 (2012) (quotation marks and citation omitted). "To establish a prima facie case of negligence, a plaintiff must prove that (1) the defendant owed the plaintiff a legal duty, (2) the defendant

breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012) (quotation marks and citation omitted).

In this case, plaintiff's complaint alleged, in pertinent part:

11. Defendant, KEVIN SCHAFFER, threw some sticky shrink wrap from a package into the walkway between the delivery truck and door to Alinosi Ice Cream and Candy.

12. Plaintiff, STEVEN DIMAGGIO, did not see the shrink wrap in the walkway.

13. As a result, Mr. DIMAGGIO's feet got tangled into the sticky shrink wrap and he fell to the ground sustaining serious injuries.

14. As a direct and proximate result of the fall, Plaintiff, STEVEN DIMAGGIO sustained significant injuries.

15. As a result of the negligent actions and/or omissions of Defendant, KEVIN SCHAFFER, within the course and scope of his employment, and as a representative of Defendant, SIDNEY TRANSPORTATION SERVICES, Plaintiff, STEVEN DIMAGGIO, sustained significant injuries.

\* \* \*

20. At the time, place and location aforesaid, it was the duty of the Defendant, KEVIN SCHAFFER, to exercise reasonable care and caution while making a delivery at Alinosi/Plaintiff, STEVEN DIMAGGIO's place of business for the Plaintiff, STEVEN DIMAGGIO, and other persons in accordance with the laws of the State of Michigan and rules of common law.

21. At all times set forth herein, the Defendant, KEVIN SCHAFFER, owed a duty to the Plaintiff to act in a reasonable and prudent manner and not negligently place sticky shrink wrap in the walkway to Alinosi.

\* \* \*

35. As a direct and proximate result of the negligent acts and/or omissions of Defendant SCHAFFER including those alleged herein, the Plaintiff, STEVEN DIMAGGIO, was hurt while on the walkway, when he fell into the pavement after encountering the sticky wrap.

36. The Defendant, SIDNEY TRANSPORTATION SERVICES, is responsible for the negligent acts of Defendant, KEVIN SCHAFFER, pursuant to the doctrine of respondeat superior.

Plainly, plaintiff's complaint alleged the four elements of an ordinary negligence claim. Despite the allegations in the complaint, however, the trial court held that the gravamen of the complaint sounded in premises liability. See *Buhalis*, 296 Mich App at 691-692. The trial court reasoned that the shrink wrap on the walkway was a condition of the land.

In *Hiner v Mojica*, 271 Mich App 604; 722 NW2d 914 (2006), this Court explained that, in some instances, when a plaintiff's injury is caused by a condition of the land, whether the plaintiff's complaint sounds in ordinary negligence or premises liability depends on the theory the plaintiff pursues. The plaintiff in *Hiner* was charged at by the defendant's aggressive dog while on the defendant's property. *Hiner*, 271 Mich App at 607. While running from the dog, the plaintiff tripped or slipped on the soft, muddy ground and suffered a ruptured Achilles tendon and other injuries to his leg. *Id.* at 608. The plaintiff filed a complaint for common-law strict liability and negligence based on the defendant's failure to reasonably control her dog. *Id.* In her answer, the defendant argued that the plaintiff's claim was barred by the open and obvious danger doctrine[1] because the "plaintiff should have known of the soft, muddy ground on which he tripped or slipped." *Id.* at 615. This Court was required to decide whether the plaintiff's complaint sounded in premises liability because the open and obvious danger doctrine applied to an action based on premises liability but not ordinary negligence. *Id.* While recognizing that a dog can be considered a condition of the land, the *Hiner* Court ultimately held that the plaintiff's complaint sounded in ordinary negligence because that was the theory pursued in his complaint. *Id.* at 615-616. The plaintiff's complaint alleged that the defendant failed to reasonably control her dog, and this Court explained that the duty owed by the defendant as a landowner was distinct from the duty owed by defendant as a dog owner. *Id.* at 615. Analogously, here, even if the shrink wrap on the sidewalk could have been considered a condition on the land, plaintiff is plainly not pursuing a theory of negligence based on any duty owed by defendants as landowners (which would sound in premises liability). Rather, plaintiff alleges that Schaffer negligently discarded the shrink wrap on the walkway, and it is this negligent conduct that defendants are liable for. Such a claim sounds in ordinary negligence.

Our conclusion is supported by a Supreme Court order reversing this Court's unpublished decision in *Kwiatkowski v Coachlight Estates of Blissfield, Inc*, unpublished per curiam opinion of the Court of Appeals, issued July 3, 2007 (Docket No. 272106), p 1, rev'd 480 Mich 1062 (2008). In that case, the plaintiff was injured when the defendant opened a door into the plaintiff, causing him to fall backward. *Kwiatkowski*, unpub op at 1. The trial court denied the defendants' motion[2] for summary disposition, *id.*, but this Court reversed the decision and remanded with instructions for the trial court to enter summary disposition in favor of the defendants because:

> [the] plaintiff was injured by his fall once he lost his balance on the small porch and when his foot caught under the door. The small porch and the slight gap

---

[1] This doctrine was overruled by our Supreme Court in *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 162907).

[2] In *Kwiatkowski*, defendant Daniel D. Rupp resided at a mobile home park that was owned/operated by defendant Coachlight Estates of Blissfield, Inc. *Kwiatkowski*, unpub op at 1.

between the porch and the door are conditions of the land. Thus, [the] plaintiff's claim arguably sounds in premises liability, not general negligence. [*Id*. at 3.]

The dissent disagreed, stating that the "[p]laintiff's claim is based on [the] defendant's alleged negligence in opening the door—not [the] defendant's failure to protect him from dangerous conditions on the land." *Id*. at 2 (JANSEN, J., dissenting). Our Supreme Court reversed "for the reasons stated in the Court of Appeals dissenting opinion." *Kwiatkowski v Coachlight Estates of Blissfield, Inc*, 480 Mich 1062, 1062 (2008). In other words, our Supreme Court agreed that the plaintiff's complaint sounded in ordinary negligence because it was premised on the defendant's alleged negligent action of opening the door into the plaintiff, not on any failure by the defendant to protect the plaintiff from a dangerous condition on the land.

In the instant case, plaintiff was injured after Schaffer threw shrink wrap in the walkway that plaintiff was using to assist Schaffer in moving the delivered goods from the truck to Alinosi's door. Defendants argue that because the wrapping was a dangerous condition on the land, plaintiff's claims trigger premises liability. Even if the shrink wrap constituted a dangerous condition of the land, however, any duty that defendants would have owed plaintiff as owners of land is distinct from the duty of reasonable care that Schaffer owed plaintiff. Compare *Laier*, 266 Mich App at 493 ("In a premises liability claim, liability emanates merely from the defendant's duty as an owner, possessor, or occupier of land.") with *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 171; 809 NW2d 553 (2011) (explaining that "if one having assumed to act, does so negligently, then liability exists as to a third party for failure of the defendant to exercise care and skill in the performance itself") (quotation marks and citation omitted). Plaintiff's complaint alleged that Schaffer's conduct of throwing the shrink wrap onto the walkway resulted in plaintiff's injury. In other words, plaintiff's complaint alleged that his injuries resulted from Schaffer's failure to exercise reasonable care when discarding the shrink wrap. "Defendant's conduct was thus an alleged basis of liability, independent of premises liability." *Laier*, 266 Mich App at 493. Accordingly, the trial court erred when it determined that this case sounded in premises liability rather than in ordinary negligence. Correspondingly, the trial court erred when it granted summary disposition to defendants.[3]

We reverse the trial court's order granting defendants' motion for summary disposition and remand for further proceedings. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly

---

[3] While defendant raises a number of other arguments, those arguments are all premised on the notion that plaintiff's complaint sounded in premises liability. For the reasons explained, plaintiff's complaint sounds in ordinary negligence.