ABKE v VANDENBERG

Docket No. 206617. Submitted September 21, 1999, at Detroit. Decided
     January 11, 2000, at 9:15 A.M.

     Edward W. Abke brought an action in the Lapeer Circuit Court
     against Roger Vandenberg, doing business as Vandenberg and Sons,
     seeking damages for injuries suffered when he fell off a loading
     dock at the defendant's retail produce outlet. The plaintiff wished
     to purchase some hay and was being taken by the defendant to a
     storage area in a supply barn. The defendant preceded the plaintiff
     through a sliding door. The plaintiff closed the door, turned, and
     fell from a loading dock into an adjoining truck bay, sustaining
     chest and shoulder injuries. The theory of the defense was that the
     danger presented by the loading dock and the adjoining truck bay
     was open and obvious in character. Although there was evidence
     that the loading dock area was adequately lighted at the time of the
     accident, there was also the testimony of the plaintiff that the area
     was so dark that he could see the defendant only in silhouette.
     There was also evidence presented that the edge of the truck bay
     was situated less than a foot from the sliding door that the plaintiff
     pulled shut just before he fell. The defendant moved for a directed
     verdict on the basis that the danger was open and obvious. The
     court, Nick O. Holowka, J., denied the motion, and the jury
     returned a verdict for the plaintiff. The defendant moved for judg-
     ment notwithstanding the verdict or for a new trial, which the trial
     court denied. The defendant appealed.

     The Court of Appeals held:

     1. Possessors of land have the duty to exercise reasonable care
     to protect invitees from dangerous conditions on the land. How-
     ever, if the condition is open and obvious, the duty applies only if
     the condition poses an unreasonable risk of harm.

     2. In both his motion for a directed verdict and his motion for
     relief from the jury's verdict, the defendant sought to have the trial
     court declare as a matter of law that the danger presented by the
     edge of the loading dock was open and obvious. Because there was
     conflicting evidence concerning how well the loading dock area
     was illuminated, the trial court properly left the determination
     whether the danger was open and obvious to the trier of fact, the

jury. Even if the danger was open and obvious, there was a question of fact whether the act of having the plaintiff close the sliding door that was near the edge of the loading dock created an unreasonably dangerous condition. Accordingly, the trial court properly refused to find that the defendant was relieved from liability on the basis that the danger was open and obvious as a matter of law.

Affirmed.

*Keith D. Cermak, P.C.* (by *Keith D. Cermak*), for the plaintiff.

*Morrissey, Bove & Ebbott* (by *Christopher J. Ebbott*), for the defendant.

Before: DOCTOROFF, P.J., and HOLBROOK, JR., and KELLY, JJ.

PER CURIAM. In this slip-and-fall negligence action, defendant appeals as of right from a judgment for plaintiff following a jury trial. We affirm.

In December 1993, plaintiff went to defendant's retail produce outlet to purchase hay. Because the business did not have a sufficient amount on hand to fill plaintiff's order, arrangements were made for plaintiff to go to defendant's nearby supply barn. Plaintiff was met at the supply barn by defendant, who proceeded to lead plaintiff toward the hay storage area. After they walked down a hallway, defendant led plaintiff through a sliding door. After closing the door, plaintiff turned and fell off a loading dock into the truck bay. As a result of the fall, plaintiff sustained chest and shoulder injuries, some of which required surgery. Thereafter plaintiff had difficulty breathing and dizzy spells.

Defendant argues that the trial court should have granted either his motion for a directed verdict or his postjudgment motion in which he requested either

judgment notwithstanding the verdict or a new trial. Defendant argues that the loading dock truck bay into which plaintiff fell was open and obvious as a matter of law and did not pose an unreasonable risk of harm. We disagree. We review de novo a trial court's denial of a motion for a directed verdict or a motion for judgment notwithstanding the verdict. *Meagher v Wayne State Univ*, 222 Mich App 700, 708; 565 NW2d 401 (1997); *Forge v Smith*, 458 Mich 198, 204; 580 NW2d 876 (1998). When examining either motion, we view the evidence, as well as any legitimate inferences, in the light most favorable to the nonmoving party and decide whether a factual question exists about which reasonable minds might have differed. *Meagher, supra* at 708; *Forge, supra* at 204. We review a trial court's decision to deny a motion for a new trial for abuse of discretion. *Hamann v Ridge Tool Co*, 213 Mich App 252, 254; 539 NW2d 753 (1995).

Possessors of land have a legal duty to exercise reasonable care to protect their invitees[1] from dangerous conditions on the land. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609; 537 NW2d 185 (1995). If a condition is "open and obvious," however, this duty does not apply unless the condition poses an unreasonable risk of harm. *Millikin v Walton Manor Mobile Home Park, Inc*, 234 Mich App 490, 498-499; 595 NW2d 152 (1999); 2 Restatement Torts, 2d, § 343A, p 218.[2] The test for an open and obvious danger is

---

[1] The parties do not dispute that plaintiff was defendant's business invitee.

[2] The Restatement provides:

A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should

whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993).

Plaintiff testified that the loading dock area in which he fell was dark and that he could only see defendant's silhouette as defendant walked away from him just before the accident. He further testified that only one of the lights in the loading dock area was illuminated. Accordingly, plaintiff argues, a question of fact existed regarding whether the truck bay was readily apparent upon casual inspection. Conversely, defendant argues that no question of fact existed with respect to the open and obvious character of the danger because (1) the same power circuit controlled all three lights on the wall on which plaintiff saw a light, if one was illuminated, all three must have been illuminated, (2) plaintiff's own expert testified that these three lights satisfactorily illuminated the loading dock area, and (3) defendant testified that nearly all the loading dock lights were on that day. However, merely because one switch controlled all three lights does not necessarily mean that all three lights were illuminated at the time of the accident. For example, one or more bulbs might have burned out. Moreover, plaintiff specifically testified that the area was dark. Accordingly, because a factual discrepancy concerning the visibility of the truck bay existed, we conclude that the trial court properly

---

anticipate the harm despite such knowledge or obviousness. [2 Restatement Torts, 2d, § 343A(1), p 218.]

.

denied defendant's motions for a directed verdict[3] and for judgment notwithstanding the verdict or a new trial. See *Meagher, supra* at 708; *Central Cartage Co v Fewless*, 232 Mich App 517, 524; 591 NW2d 422 (1998).

Moreover, even if the condition that caused plaintiff's fall had been open and obvious, the trial court would still have been obligated to deny defendant's motions if there existed a question of fact regarding whether the condition was unreasonably dangerous. *Bertrand, supra* at 618. Our review of the record leads us to conclude that a question of fact existed regarding whether awareness of the location of the truck bay would have eliminated the risk of falling. See *Hottman v Hottman*, 226 Mich App 171, 176; 572 NW2d 259 (1997) (observing that "the risk of falling is not eliminated by awareness of the hazard"). The edge of the truck bay was located only eight inches from the sliding door that plaintiff closed before his fall. In order to close the door, which was approximately ten feet wide, a person would have to pull it toward the truck bay. Plaintiff testified that the door was quite heavy and required two hands to close. Accordingly, it is possible that the momentum required to close the door would propel one over the edge of the truck bay. Hence, even if the danger presented by the truck bay had been open and obvious, there was a question of fact regarding whether the bay's proximity to the sliding door created an

---

[3] We note that we are to assess directed verdict motions by examining the evidence presented up to the time of the motion. *Nabozny v Pioneer State Mut Ins Co*, 233 Mich App 206, 209; 591 NW2d 685 (1998). Plaintiff's testimony concerning the ill visibility of the loading dock area occurred before defendant's directed verdict motion and therefore justified the trial court's denial of the motion.

unreasonably dangerous condition. This question of fact provided an alternative basis for the trial court to deny defendant's motion for a directed verdict[4] and his motion for postjudgment relief. See *Bertrand, supra* at 623-624.

Affirmed.

---

[4] Again, the relevant testimony occurred before defendant's directed verdict motion.