# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN BLACKWELL,

Plaintiff-Appellant,

v

DEAN FRANCHI and DEBRA FRANCHI,

Defendants-Appellees.

FOR PUBLICATION
January 31, 2017

No. 328929
Oakland Circuit Court
LC No. 14-141562-NI

Before: K. F. KELLY, P.J., and GLEICHER and SHAPIRO, JJ.

GLEICHER, J. (*concurring*).

I fully concur with the analysis advanced in the majority opinion, and write separately only to respond to the dissent.

According to the dissent, "[t]he relevant inquiry is not whether the *step* was open and obvious, but whether the *dark room* was open and obvious." (Emphasis in original.) Respectfully, this is an inaccurate statement of the law. The danger on defendant's land was a step shrouded in darkness. The readily apparent darkness of the coat room would have presented no danger had the step not been there.

In large part, Michigan's law of premises liability focuses on whether a particular property owner owes a duty of care to a third party. In cases involving licensees such as plaintiff Susan Blackwell, defendants have a duty to warn of any hidden dangers known to them. *Stitt v Holland Abundant Life*, 462 Mich 591, 596; 614 NW2d 88 (2000). The "dangers" that are the subjects of premises liability law are conditions of the *land*. In the seminal case of *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001), our Supreme Court plainly enunciated that the duty of a premises possessor relates to risks of harm "caused by a dangerous condition on the land." The "dangerous condition of the land" involved here is an eight-inch drop-off that could not be seen on casual inspection by an ordinary user of the premises.

In *Abke v Vandenberg*, 239 Mich App 359, 363-364; 608 NW2d 73 (2000), this Court recognized that darkness may impair a plaintiff's visibility to the extent that an otherwise observable danger no longer qualifies as open and obvious. The plaintiff in *Abke* fell from a loading dock into a truck bay. *Id*. at 360. He claimed that the drop-off into the truck area was not discernable due to darkness. We held that the trial court properly denied the defendant's motion for summary disposition, as a factual dispute existed "concerning the visibility of the truck bay." *Id*. at 362. See also *Knight v Gulf & Western Props, Inc*, 196 Mich App 119, 127;

-1-

492 NW2d 761 (1992) ("The fact that defendant's vacant warehouse was not adequately lighted was both obvious and known to plaintiff, but there was no evidence that he was aware or had reason to anticipate that there were interior loading docks that otherwise were not marked or blocked off."). These cases, like this one, involve elevation differentials hidden by poor lighting. In neither of our previous cases was darkness the danger—after all, darkness is not necessarily dangerous. The danger presented in our previous cases, and here, was an unseen and unseeable step—a condition of the land.

Record evidence supports that plaintiff was directed to place her coat in a completely dark room preceded by a step that was unexpected and invisible on casual inspection. The legal question presented by defendants' motion for summary disposition is whether a reasonable person in plaintiff's position would have foreseen the danger posed by the concealed step. *Laier v Kitchen*, 266 Mich App 482, 498; 702 NW2d 199 (2005). It bears emphasis that this test is objective. *Id*. It hinges on whether the dangerous condition on the land would have been visible to an ordinary person. We must look to whether a reasonable person in plaintiff's position would have foreseen a danger. *Hughes v PMG Building, Inc*, 227 Mich App 1, 11; 574 NW2d 691 (1998). As the majority opinion aptly describes, a question of fact exists regarding this question. Viewed in the light most favorable to plaintiff, a reasonable jury could conclude that defendants should have anticipated that a first-time guest in their home would not be able to see the darkness-enveloped step, and that a warning was required.

The dissent commits a second legal error by placing on plaintiff the duty to discover any dangers hidden within the dark room before entering it. *Lugo* teaches that "[t]he level of care used by a particular plaintiff is irrelevant to whether the condition created or allowed to continue by a premises possessor is unreasonably dangerous." *Lugo*, 464 Mich at 522 n 5. "In a situation where a plaintiff was injured as a result of a risk that was truly outside the open and obvious doctrine and that posed an unreasonable risk of harm, the fact that the plaintiff was also negligent would not bar a cause of action." *Id*. at 523. See also MCL 600.2958. Absent any warning, plaintiff had no reason to expect a step, and the record hints of no clues that should have raised a suspicion of a significant elevation differential before continuing ahead. Accordingly, I fully concur with the majority's conclusion that reversal of summary disposition is warranted.

/s/ Elizabeth L. Gleicher