# STATE OF MICHIGAN

# COURT OF APPEALS

KEITH SMITH,

     Plaintiff-Appellant,

v

CITY OF DETROIT,

     Defendant/Cross-Plaintiff

and

MERLO CONSTRUCTION COMPANY INC,

     Defendant/Cross-Defendant-
     Appellee,

and

RAUHORN ELECTRIC INC,

     Defendant/Cross-Defendant/Cross-
     Plaintiff

and

PARSONS BRINCKERHOFF MICHIGAN INC
and POCO INC,

     Defendants/Cross-Defendants.

UNPUBLISHED
July 24, 2018

No. 337708
Wayne Circuit Court
LC No. 15-001269-NO

Before: MURPHY, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant Merlo Construction Company, Inc. (Merlo), concluding that the case constituted a premises liability action rather than ordinary negligence, and that the hazard—missing slabs of a concrete sidewalk that allegedly caused plaintiff's bike to flip, throwing plaintiff to the ground—

-1-

was open and obvious. We agree that the case sounds in premises liability, but we find a question of fact regarding openness and obviousness. Consequently, we reverse and remand for further proceedings.

Plaintiff asserted that he was riding his bicycle on a sidewalk in the city of Detroit on an October evening in 2014 around 9:00 p.m. when all of a sudden he was thrown forward over his handle bars, landing on his side and incurring various injuries. After he fell, he noticed that a couple slabs of concrete from the sidewalk were missing, with just granular material of the concrete sub-base remaining. Plaintiff claimed that he did not see the hazard beforehand because it was dark and the minimal street lighting was not sufficient to illuminate the sidewalk. Plaintiff contended that there were no barricades, orange cones, caution tape, safety signs, or warnings indicating that the sidewalk was closed or otherwise in disrepair. It was later discovered that the Michigan Department of Transportation (MDOT), through an agreement with the city and the use of federal funds, hired Rauhorn Electric, Inc. (Rauhorn), as the general contractor for purposes of a sidewalk restoration project, which included updating the sidewalk area where the accident occurred. Rauhorn then subcontracted with Merlo to do the actual concrete excavation and pouring of the sidewalk pertinent to this case. Merlo had removed the two slabs of concrete a few days before the accident and poured new concrete for the sidewalk three days after the fall. Merlo maintained that it always placed appropriate barricades and warning materials when doing such projects.

The ensuing litigation involved multiple parties, with plaintiff suing the city, Rauhorn, Merlo, and a couple of other companies, Parsons Brinckerhoff Michigan, Inc., and Poco, Inc., on the basis that they shared some liability for the accident. There were various cross-claims between the parties, motions for summary disposition, stipulations to dismiss, and other procedures that ultimately have no relevancy to this appeal; plaintiff did not recover from anyone.[1] Toward the end of the litigation, with only Rauhorn and Merlo left as defendants, those parties filed a motion for summary disposition, arguing that there was no evidence of negligence by Rauhorn and that both defendants could not be held liable, given that the hazard was open and obvious. Rauhorn and Merlo maintained that the open and obvious danger doctrine applied because plaintiff's suit was plainly a premises liability action. Plaintiff argued that the lawsuit against Rauhorn and Merlo involved claims of ordinary negligence; therefore, the open and obvious danger doctrine played no role in the case. Plaintiff additionally asserted that, assuming the doctrine was implicated, there was a genuine issue of material fact regarding whether the missing section of sidewalk was open and obvious, especially considering that it was dark when plaintiff was thrown from his bike and that a cyclist would not be looking down while pedaling. The trial court ruled that plaintiff's action sounded in premises liability, not ordinary negligence, and that the hazard was open and obvious, as a reasonable cyclist would have been looking at the upcoming sidewalk and seen the large hazard ahead. Accordingly, the court granted summary disposition in favor of Rauhorn and Merlo. Plaintiff appeals as of right, but only with respect to the dismissal of Merlo.

---

[1] The case against the city was summarily dismissed, apparently because the defect had not been in existence for 30 days prior to the accident. See MCL 691.1402a.

We review de novo a trial court's ruling on a motion for summary disposition. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). With respect to MCR 2.116(C)(10), this Court in *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013), explained:

> In general, MCR 2.116(C)(10) provides for summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10). [Citations and quotation marks omitted.]

Plaintiff argues that the trial court erred in finding that his lawsuit against Merlo sounded in premises liability and not ordinary negligence, where defendant did not maintain possession or control over the sidewalk at the time of the accident. Plaintiff further contends that, assuming the case constituted a premises liability action, the trial court erred in ruling that the missing sidewalk section posed an open and obvious danger as a matter of law, given that the documentary evidence created a genuine issue of material fact on the issue.

First, we hold that the claim against Merlo regarding the missing concrete slabs of sidewalk plainly and clearly sounded in premises liability. "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id*. Here, plaintiff asserted that the condition of the sidewalk was dangerous because of the missing section of sidewalk and that Merlo created the hazardous condition. Indeed, the case presents a classic example of premises liability.

Plaintiff attempts to avoid the label of premises liability by arguing that Merlo did not maintain possession or control over the sidewalk where he was injured and, therefore, the case could not be a premises liability action. We find this argument self-defeating. As discussed, whether a case sounds in premises liability or negligence turns on the nature of the hazard. Whether a particular person or entity is in control or possession of the land at issue affects whether that person or entity owes a duty, which in premises liability cases is premised on the expectation that control or possession of property comes with the power to prevent the injury. See *Kubczak v Chemical Bank & Trust Co*, 456 Mich 653, 660-662; 575 NW2d 745 (1998). If

Merlo lacked the necessary possession or control, that would only absolve Merlo of a duty, not change the nature of the case.

We note that a contract between the owner of premises and a possessor of those premises may show that the possessor had authority to exercise dominion and control over the land. See *Derbabian v S & C Snowplowing, Inc*, 249 Mich App 695, 704; 644 NW2d 779 (2002). It would be reasonable to conclude that Merlo actually exercised dominion and control over the sidewalk and possessed it *during the construction project*, considering that Merlo was operating under a subcontract with Rauhorn, who in turn had proceeded on MDOT's authorization, with MDOT working in conjunction with the city. In its role as the subcontractor working directly on the sidewalk, Merlo certainly had the power to prevent the injury, ostensibly subjecting it to potential liability under a premises liability cause of action, while also triggering the application of the open and obvious danger doctrine.

Plaintiff contends that in the event that his suit against Merlo is characterized as one sounding in premises liability, there existed a genuine issue of material fact concerning whether the sidewalk hazard was open and obvious. We construe this as an alternative argument to plaintiff's assertion that Merlo lacked possession or control over the property, as plaintiff is entitled to pursue. MCR 2.111(A)(2). We find that the evidence presented, when viewed in its entirety, does establish a genuine question of fact whether the hazard was open and obvious.

The evidence must be considered in the light most favorable to plaintiff. *Coblentz v City of Novi*, 475 Mich 558, 567-568; 719 NW2d 73 (2006). That evidence includes, significantly, photographs taken of the site of the incident the morning after plaintiff allegedly suffered the injury. Those photographs unambiguously show no warnings, barriers, or any other indication that a large slab of sidewalk was missing beyond the pure fact that the slab is missing. Defendant contends that it did erect warnings and barriers, and speculated that perhaps they had been stolen by third parties, but that is a classic example of a genuine question of fact that may not be resolved by summary disposition. The courts are constrained to conclude that there is a question of fact whether any warnings or barriers existed to notify anyone using the sidewalk that a portion was missing.

The above question of fact is material because the incident allegedly occurred at night and in the absence of street illumination. In the context of black ice, our Supreme Court appears to hold that poor illumination is not sufficient to make black ice not open and obvious *if* there were sufficient indicia otherwise that the black ice was present. *Ragnoli v North Oakland-North Macomb Imaging, Inc*, 500 Mich 967; 892 NW2d 377 (2017). Notably, black ice is not open and obvious *per se* in the absence of any such indicia. *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483–484; 760 NW2d 287 (2008). More importantly, it is well established that open chasms that would have been blatantly obvious in good light may be rendered too difficult to discern by darkness to be open and obvious *as encountered by the plaintiff*, even where darkness itself was open and obvious. *Abke v Vandenberg*, 239 Mich App 359, 362–363, 608 NW2d 73 (2000); *Knight v Gulf & Western Props, Inc*, 196 Mich App 119, 126-128, 492 NW2d 761 (1992). Slabs missing at seam joints, where in dim light one might reasonably expect to perceive a contrast difference, are not the kind of hazard one would expect to find until one finds it.

By default, one generally expects surfaces intended for traversal to be safe; even in black ice cases, our Supreme Court has consistently emphasized that black ice is not open and obvious without some indicia that it is present. Darkness is not a *carte blanche* to ignore any indicia of a hazard that are perceptible despite the darkness. However, in the absence of explicitly-placed warnings, we are unaware of what naturally occurring indicia might exist that a section of sidewalk, the entire point of which is to be a reliable non-vehicular transportation surface, was missing. That a large slab of sidewalk is obviously missing during the day does not necessarily establish that its absence would be so readily discernable at night in the dark. This case presents significant and material questions of fact as to whether the missing slab could have been perceived in the dark conditions present when plaintiff was allegedly injured, and whether any indicia that the hazard existed were present such that the missing slab would have been open and obvious despite the darkness. Summary disposition was therefore improper.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Amy Ronayne Krause