*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

IRENE JAROS,

Plaintiff-Appellee,

v

VHS HARPER-HUTZEL HOSPITAL, INC., d/b/a
HARPER HOSPITAL,

Defendant-Appellant.

UNPUBLISHED
September 19, 2019

No. 340566
Wayne Circuit Court
LC No. 16-015287-NO

Before: MURRAY, C.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

In this premises liability action, defendant appeals by leave granted the trial court's order denying defendant summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). For the reasons stated in this opinion, we affirm.

## I. BACKGROUND

This cases arises out of plaintiff's trip and fall on June 5, 2015, in the multi-level parking structure of her workplace. In her complaint, plaintiff alleged she tripped as a result of stepping into a "deteriorated section of concrete," which the parties have also referred to as a "pothole." Plaintiff broke her left humerus and injured her left shoulder.

Plaintiff testified at deposition that she parked in the structure for over ten years and had never before fallen. The sides of the parking structure were partially exposed to the outdoors allowing some natural light into the perimeter. On the day of the incident, plaintiff parked in one of the interior spots, i.e., not on the perimeter, around noon. She testified there was little natural light in the interior section of the structure and only one light at the very far end of the structure. She explained that she took five or ten steps from her car before tripping and falling and that "[m]y toe got in—just flipped me. I was walking. I was looking. I'm always looking and I just was down. I hit something that made me fall. I did not see it." Plaintiff testified that she only saw the pothole when she was on the ground after she fell.

-1-

Plaintiff's manager notified her sons, who went to the parking lot where they located their mother's car and took two photographs. One photo shows a deteriorated part of the concrete floor. The other is a view looking up the 7th floor ramp from her car. In that photo the overhead lights appear to be on; those lights provide intermittent areas of light with other areas dark. One of her sons returned several days later and took additional photos. He took one photo of the 7th floor ramp looking from a perspective very similar to the one he took on the day of plaintiff's fall. In this photo the overhead lights appear to be off and nearly all of the parking area is darkened. However, there is a light at the end of the ramp consistent with plaintiff's testimony. Plaintiff's son also took three close-up photos of a pothole with a tape measure next to it for scale. The photo of the ramp also shows the same tape measure on the ground showing the location of the pothole.[1]

After plaintiff filed suit and her deposition was taken, defendant moved for summary disposition, primarily arguing that the complaint rested on conjecture and speculation because plaintiff did not know what caused her to fall. Alternatively, even assuming that plaintiff's fall occurred due to a pothole, defendant argued that such condition was open and obvious.

Plaintiff responded that she knew what caused her to fall—a hole in the concrete surface of the parking structure. Photographs taken later show a pothole not far from where she parked in the direction towards the exit consistent with plaintiff's testimony that she tripped after taking 5-10 steps. Further, plaintiff testified that she was watching where she was walking and that she only saw the pothole after she fell. Accordingly, she contended that there were questions of fact whether the condition was open and obvious.

At the motion hearing, the trial court ruled as follows, in pertinent part:

> I do find it's a question of fact. I think it's a lighting situation. That definitely was the part about the open and obvious. I thought, you know, it's not so open and obvious. It's not well lit, at least in the pictures I saw. I think counsel properly explained to the Court that we may not know the exact location, the exact—but we know the area. Pictures were taken. There's no—you have not submitted anything to indicate . . . that's not what the floor looks like; that's not was (sic) the lighting condition is. So for purposes of this motion I think there is a question of fact. I think they owed her a duty. I think they breached that duty, at least for purposes of the motion. So I am going to respectfully deny the motion.

The trial court later issued an opinion and order denying defendant's motion for reconsideration. We granted defendant leave to appeal the trial court's ruling on the open and obvious danger doctrine, but denied leave with respect to the causation issue. *Jaros v VHS Harper-Hutzel Hosp Inc*, unpublished order of the Court of Appeals, issued March 13, 2018 (Docket No. 340566).

---

[1] We note that a proper foundation for the admission of the photographs has not yet been established. However, given that both parties rely on the photographs and argue based upon it, we will consider them, as the trial court did.

## II. ANALYSIS

Defendant argues that the evidence of inadequate lighting in the parking did not preclude application of the open and obvious danger doctrine. We disagree.[2]

"Possessors of land have a legal duty to exercise reasonable care to protect their invitees from dangerous conditions on the land." *Abke v Vandenberg*, 239 Mich App 359, 361; 608 NW2d 73 (2000) (footnote omitted). But a premises possessor does not owe invitees a duty "to protect or warn of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012) (quotation marks and citations omitted). "A dangerous condition is open and obvious if an average user with ordinary intelligence acting under the same conditions would have been able to discover the danger and the risk presented by the condition upon casual inspection." *Grandberry-Lovette v Garascia*, 303 Mich App 566, 576-577; 844 NW2d 178 (2014) (quotation marks and citation omitted), abrogated on other grounds by *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 10 n 1; 890 NW2d 344 (2016).

Potholes are typically discoverable on casual inspection and in many cases there is no question of fact whether that was the case. See *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 520; 629 NW2d 384 (2001). Indeed, in *Lugo* the plaintiff admitted that she was not looking where she was walking, contrary to the testimony in this case. *Id*. at 514-515. However, we have repeatedly held that a hazard is not open and obvious if an average person would not have been able to discover it upon casual inspection under the circumstances of poor lighting. See *Blackwell v Franchi*, 318 Mich App 573, 577-578; 899 NW2d 415 (2017), remanded on other grounds 502 Mich 918 (2018); *Abke*, 239 Mich App at 362-363; *Knight v Gulf & Western Props, Inc*, 196 Mich App 119, 126; 492 NW2d 761 (1992). In *Blackwell*, the hazard was a drop-off into a mudroom. There was conflicting evidence whether the drop-off was discernible given the fact that the light in the mudroom was turned off. Thus, summary disposition on the basis of the open and obvious doctrine was inappropriate because there was a question of fact whether a person of average intelligence would have discovered the drop-off upon casual inspection. *Blackwell*, 318 Mich App at 576-758.[3]

---

[2] We review de novo a trial court's decision to grant summary disposition. See *Pace v Edel-Harrelson*, 499 Mich 1, 5; 878 NW2d 784 (2016). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).

[3] Contrary to the dissent's assertion, *Blackwell* does not stand for the proposition that the hazard must be "surrounded by complete darkness." In that case, while the light fixture in the mudroom was turned off, there was testimony that the lights in the adjacent hallway were on. See *Blackwell*, 318 Mich App at 578. In any event, the question is not whether there was complete

-3-

The same reasoning applies here. Plaintiff fell when she tripped in a pothole near her parked car. She testified that the parking garage was very poorly illuminated in that area. Plaintiff specifically testified at deposition that the parking lot was "dark" and that there was only one light near the elevator on the "far side" of the lot. She also testified that she was looking where she was walking and that while there is some natural light from the outside of the parking lot, it did not illuminate the interior part of the parking structure where she was parked. A photograph taken by her son later that day shows overhead lighting with a patchwork of light and dark areas. Plaintiff testified, however, that at the time she fell the overhead lights were not on, and in a photograph taken a few days later of the same area, the overhead lights are not on.

Plaintiff argues that a reasonable jury could find her testimony credible and conclude that the overhead lights were not on at the time of the fall and, taking her testimony as true—as we must at this stage—we agree. Moreover, defendant has not offered any evidence to rebut her testimony about the lack of light and the visibility of the pothole. Finally, even if the photograph taken late on the day of her fall depicts the lighting as it existed when she fell, there is still a question of fact whether the pothole was visible on casual inspection. As the trial court noted in denying summary disposition, the area remained "not well lit" and the photo shows a patchwork of lighter and darker areas.

Viewing the evidence in a light most favorable to plaintiff, there is a question of fact about whether a reasonable person would have discovered the pothole upon casual inspection. Ultimately, it is for a jury to evaluate the evidence and to determine whether plaintiff's failure to observe the pothole was reasonable.[4]

Defendant argues that, under *Singerman v Municipal Serv Bureau, Inc*, 455 Mich 135, 142; 565 NW2d 383 (1997), the inadequate lighting is immaterial because it was open and obvious. *Singerman* is inapposite. In that case, the inadequate lighting of a hockey rink was itself the alleged dangerous condition. That risk was open and obvious because "there was nothing to prevent plaintiff from realizing that the rink was inadequately lighted." *Id*. at 144. In this case, the inadequate lighting is not the hazard; rather, it is a factor for the jury to consider in determining whether a reasonable person would have discovered the pothole.

The dissent's reliance on *Knight* is similarly misplaced. In *Knight* the plaintiff fell off a loading dock because it was dark and he could not see where it was. *Knight*, 196 Mich App at 121. The jury found for the plaintiff, and the defendant appealed, arguing that the trial court erred in not instructing the jury on the open and obvious danger doctrine. *Id*. at 122-123. We

_____

darkness but whether the lack of light affected a reasonable person's ability to discover the hazard on casual inspection.

[4] A premises owner is not the insurer of its invitees, see *Serinto v Borman Food Stores*, 3 Mich App 183, 193; 142 NW2d 32 (1966), and a conclusion that a hazard is not open and obvious does not mean that plaintiff is entitled to recover. As always, defendant is liable in tort only if the jury concludes that it was negligent and that its negligence was a proximate cause of plaintiff's injuries.

held that a trial court "must instruct the jury that there is no duty to warn an invitee of open and obvious defects if the facts at issue could support a jury determination that the complained-of defect was open and obvious." *Id*. at 126. We went on to hold, however, that the instruction was not warranted in that case because the facts did not show an open and obvious condition. *Id*. at 126-127.[5] Thus, not only did we fail to find that the condition was open and obvious as a matter of law, we also concluded that it was not even necessary for the trial court to instruct the jury on the open and obvious doctrine given the evidence presented.

Nonetheless, the dissent asserts that *Knight* favors defendant because in that case the plaintiff was not aware of the loading dock, while in this case the plaintiff had used the parking structure many times and so would have been aware of the existence of potholes. However, even assuming that plaintiff knew that there were potholes in the parking garage, it does not follow *as a matter of law* that the particular pothole causing the accident should have been discovered upon a casual inspection. Again, plaintiff testified that she was looking where she was walking at the time of the fall and that she could not see the pothole that caused her to fall given the low light conditions.

The dissent's reliance on *Abke* is also unpersuasive. *Abke* is similar to *Knight*; it involved a plaintiff who fell off a loading dock. *Abke*, 239 Mich App at 360. He testified that he could not see the drop-off because of darkness. *Id*. at 362. The jury found for the plaintiff, and defendant argued that the hazard was open and obvious as a matter of law. *Id*. at 360-361. Because there was a "factual discrepancy concerning the visibility of the truck bay," we concluded that the trial court correctly denied defendant's motion for a directed verdict and a judgment notwithstanding the verdict. *Id*. at 362-363.

The dissent contends that *Abke* is distinguishable because there is not a factual dispute regarding the lighting condition at the time that plaintiff fell. That is true only in the sense that defendant has not offered evidence contradicting plaintiff's testimony that the area where she fell was dark. However, a question remains whether given the undisputed lighting conditions a

---

[5] We also indicated that even if the condition was open and obvious, the defendant had nonetheless had a duty of care to protect the plaintiff due to its knowledge of the inadequate lighting:

> In light of the fact that defendant was aware of the inadequate interior lighting and the inside loading dock, it was for the jury to decide whether defendant should have reasonably anticipated that plaintiff would choose to proceed even when confronted by the obvious danger, and whether defendant took adequate measures to protect plaintiff from harm. [*Knight*, 196 Mich App at 130.]

reasonable person would have discovered the pothole upon a casual inspection. Thus, as in *Abke*, the dangerous condition was not open and obvious as a matter of law.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro