*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAURA LIQUIA,

        Plaintiff-Appellant,

v

ANTLER BAR AMUSEMENTS, LLC,

        Defendant-Appellee.

UNPUBLISHED
July 30, 2020

No. 348087
Oceana Circuit Court
LC No. 18-012929-NO

Before: BORRELLO, P.J., and SAWYER and SERVITTO, JJ.

SAWYER, J. (*dissenting*).

I respectfully dissent.

I rarely cite, much less quote from, unpublished opinions, recognizing that they are not precedentially binding. *Sau-Tuk Industries, Inc v Allegan Co*, 316 Mich App 122, 137; 892 NW2d 33 (2016). I make an exception here with respect to this Court's earlier opinion in *Carpen v Zarza*, unpublished opinion per curiam (No. 342901, rel'd October 9, 2018). I make this exception because (1) "they may be considered instructive or persuasive," *Sau-Tuk Industries*, 316 Mich App at 137, (2) the facts of *Carpen* are similar to those in this case, and (3) I was a member of the panel in *Carpen* and continue to believe that it was correctly decided. In *Carpen*, we stated:

> Plaintiff is correct that there is some authority in this jurisdiction that a hazard may be open-and-obvious in a well-lit environment, but hidden when concealed by darkness. See *Blackwell v Franchi*, 318 Mich App 573, 577-578; 899 NW2d 415 (2017), remanded on other grounds, [502] Mich [918]; 914 NW2d 900 (2018); *Abke v Vandenberg*, 239 Mich App 359, 363; 608 NW2d 73 (2000); *Knight v Gulf & W Properties, Inc*, 196 Mich App 119, 127; 492 NW2d 761 (1992). Yet, this precedent involves scenarios where darkness was present in a constructed and maintained (i.e., artificial) environment. In such an environment, an ordinary person would expect to encounter a light source, generally an overhead light. When there is no light where one would reasonably expect such light to be, the property

-1-

possessor may need to take extra steps to guard against reasonably knowable dangers.  [Slip op at 5.]

*Carpen* goes on to make the following additional observations:

> The hazard in this case, however, was present outside of an "up-north" cottage in a natural area covered with sticks, rocks, and other debris.  While an ordinarily prudent person would not generally expect dangers to be concealed by darkness in a constructed environment, an ordinarily prudent person should expect dangers—especially tripping hazards—to be concealed by darkness in a natural, outdoor setting.  Although the post plaintiff tripped over was not a natural object, it posed a tripping hazard similar to that of a log, large rock, or hole.  Moreover, plaintiff was aware that other artificial tripping hazards were present in the area.  Per plaintiff's own testimony, the posts were constructed near plaintiff's own survey markers, which plaintiff herself did not take measures to light.  Additionally, per the pictures contained in the record, the survey marker is in proximity to a large, ground-level fire pit that posed its own tripping hazard. Thus, it follows that an ordinarily prudent person would have used a flashlight or similar lighting aid when crossing the path plaintiff travelled.  Given that the post was nearly two-feet tall, painted orange, and was not otherwise obscured, it follows than an ordinarily prudent person would have discovered it upon casual inspection.

> While it is obvious that some sort of luminescent marker would have made the post more discoverable, "the analysis whether a danger is open and obvious does not revolve around whether steps could have been taken to make the danger more open or more obvious." *Novotney v Burger King Corp*, 198 Mich App 470, 474; 499 NW2d 379 (1993).  Rather, the question is whether the danger, as presented, would have been discovered by an ordinary person upon casual inspection. *Id*. at 474-475.  "Perfection is neither practicable nor required by the law, and under ordinary circumstances, the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary conditions foolproof." *Hoffner*, 492 Mich at 460. Because an ordinary person encountering a natural area with known tripping hazards in "pitch-black" darkness can reasonably be expected to care for their safety by using a flashlight, it follows that defendants did not have a duty to apprise plaintiff of the risk posed by the post. Had plaintiff exercised ordinary care, she would have discovered the post upon casual inspection and avoided injury.  Contrary to plaintiff's argument on appeal, this conclusion is not reserved for the apportionment of damages, but is integral to the application of the open-and-obvious doctrine.  Where an ordinary person would have readily discovered the danger, the open-and-obvious doctrine precludes liability regardless of plaintiff's actions to the contrary.

> Generally, the conclusion that a hazard was open and obvious does not end this Court's inquiry into whether summary disposition was appropriate.  Rather, summary disposition is appropriate when an open-and-obvious danger does not involve any "special aspects" that create an "unreasonable risk of harm."  [*Lymon*

*v Freedland*, 314 Mich App 746, 758; 887 NW2d 456 (2016)] (internal citations and quotation marks omitted). "Two instances that can constitute special aspects include when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable* because these conditions give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided." *Id*. at 758-759 (internal citation and quotation marks omitted). Nonetheless, it is the plaintiff's burden to demonstrate that a genuine issue of material fact exists as to whether any special aspects were present. *Id*. at 759. Here, plaintiff has not alleged, or argued before the trial court or this Court, that any special aspects made the post unreasonably dangerous or effectively unavoidable and, even had plaintiff so argued, the record shows that plaintiff could have easily avoided her injury by using a flashlight to discover the post and walk around it. The danger posed by the post was not unreasonably dangerous or effectively unavoidable and summary disposition in defendant's favor was therefore appropriate regardless of whether plaintiff was a trespasser or licensee at the time of her fall. [Slip op at 5-6.]

I take special note of the *Carpen* Court's observation that the plaintiff in that case could have avoided injury by the use of a flashlight to illuminate the dark area. Defendant in our case points out that plaintiff also could have done so, and had the means to do so by use of a "flashlight app" on her mobile phone.

For these reasons, I conclude that the trial court properly granted summary disposition in favor of defendant and would affirm.

/s/ David H. Sawyer