*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARGARET SHALDA,

Plaintiff-Appellant,

v

REDICO, LLC, 150 WEST JEFFERSON OWNER
LLC, and CONTINUUM SERVICES, INC,

Defendants-Appellees.

UNPUBLISHED
July 29, 2021

No. 353211
Wayne Circuit Court
LC No. 19-001183-NO

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, Margaret Shalda, appeals as of right the trial court's order granting summary disposition of her claim for personal injuries sustained during a trip and fall inside the office building where she worked. For the reasons stated in this opinion, we reverse and remand for further proceedings consistent with this opinion.

## I. BASIC FACTS

Shalda works in an office building located in Detroit at 150 West Jefferson. According to the deposition testimony, a floor mat was always present on the marble floor in front of the elevator doors on the second story of the building. Shalda had worked in the building for five years and routinely walked the same route to work. Following that route, on September 5, 2017, Shalda rode the elevator to the second floor. As she exited the elevator, she tripped on the floor mat in front of the elevator and fell. Shalda sustained severe injuries as a result.

Before Shalda arrived at work that day, two employees of defendant Continuum Services, Inc—Charlie Jones and James Beri— were performing maintenance services in the building. They were wheeling carts filled with equipment through the second-floor elevator lobby. Surveillance video of the lobby indicates that, at 9:58:08 a.m., Jones wheeled a large cart with a ladder across the lobby, crossing the floor mat in front of the elevator. As the cart rolled over the floor mat, a section of it bunched up slightly. Just seconds later, Beri followed behind Jones, rolling another cart with a ladder across the floor mat. This second cart increased the roll in the floor mat, creating a larger "ripple" or "pucker" that was visible on the surveillance-camera footage. Both Jones and

Beri testified that they were unaware of the roll created in the floor mat by the passage of their equipment carts.

Two other people are depicted in the video before Shalda exited the elevator. The first was a man carrying two watering cans. A short time later, at 10:00:48 a.m., another man stepped out of the elevator and walked past the rippled portion of the floor mat. Like the other three men, he does not appear to have taken notice of the ripple in the rug. One minute later, at 10:01:53, Shalda exited the elevator. She took three steps, caught her toe, and tumbled forward. Shalda testified at her deposition that she was initially unaware of what might have caused her to trip. After she fell, however, she noticed that the floor mat was "sticking up a little bit" and deduced that she must have tripped over the roll or wrinkle in the floor mat.

In Shalda's amended complaint, she alleged that defendant 150 West Jefferson Owner, LLC "owned and/or managed" the building; that defendant Redico, LLC "owned and/or managed" 150 W. Jefferson Owner, LLC and defendant Continuum Services, Inc; and that the employees who caused the hazard on which Shalda fell were "employees, agents, and/or representatives" of some or all of the three defendants. After discovery, defendants moved for summary disposition under MCR 2.116(C)(10). Regarding Shalda's fall, defendants argued that the floor mat was open and obvious and that it had no special aspects. Defendants further argued that Redico, LLC was not a proper party to the action because it was neither an owner nor a possessor of the building, and therefore owed Shalda no legal duty. In response, Shalda argued that she had alleged not only a claim sounding in premises liability, but also a claim sounding in ordinary negligence. She contended that her injuries were not caused solely by a condition of the land, but were also caused by the negligence of Beri and Jones, who "created the hazard by rolling up the carpet in an inconspicuous manner, thereby concealing the danger." Furthermore, Shalda argued that the floor mat had "special aspects" that made it an "unreasonably dangerous" hazard and, therefore, defendants were liable even if the hazard was open and obvious.

After hearing oral argument on the motion, the trial court granted summary disposition in defendants' favor. The court held that Shalda's claim sounded in premises liability, rather than ordinary negligence. The trial court then concluded that the danger posed by the floor mat was open and obvious. The court noted that, when looking at the surveillance photos of the lobby, it could see that there was a "ripple" in the floor mat. The trial court stated that, "even when looking at the video, without having the area circled, which it was in the picture, the Court could still easily discern the ripple in the mat." The trial court also noted that there was a "stark contrast" between the color of the marble floor and the color of the floor mat, and that the area was well lit, both of which made the hazard easily noticeable. Finally, the court stated that there was "nothing that's unusually dangerous about a rug or a floor mat," and that there was no question of fact that the hazard was avoidable because the video showed another individual who "walked off the same exact elevator, [and] didn't experience any problem" with the floor mat. The trial court, therefore, entered an order granting summary disposition to all defendants.

## II. SUMMARY DISPOSITION

## A. STANDARD OF REVIEW

Shalda argues that the trial court erred by granting summary disposition. This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). A motion for summary disposition under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Joseph v Auto Club Ins Assoc*, 491 Mich 200, 206; 815 NW2d 412 (2012). In evaluating a motion for summary disposition brought under this subsection, the evidence submitted by the parties must be viewed in the light most favorable to the party opposing the motion. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper where there is no "genuine issue regarding any material fact." *Id*. We review de novo the applicability of legal doctrines, including whether a danger was open and obvious. *Ghaffari v Turner Constr Co*, 473 Mich 16, 19; 699 NW2d 687 (2005).

B. ANALYSIS

1. NATURE OF THE CLAIM

Shalda argues that the trial court erred by ruling that her amended complaint sounded only in premises liability. We disagree.

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Lymon v Freedland*, 314 Mich App 746, 756; 887 NW2d 456 (2016) (quotation marks and citation omitted). With respect to a premises-liability claim, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). Comparatively, "[o]rdinary negligence claims are grounded on the underlying premise that a person has a duty to conform his or her conduct to an applicable standard of care when undertaking an activity." *Lymon*, 314 Mich App at 756. "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis*, 296 Mich App at 692. "It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). This Court is not bound by the labels the parties attached to their claims. *Jahnke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014).

Shalda argues that, because her claim is based on the actions of Jones and Beri in moving the floor mat, her claim is one of ordinary negligence to which the open and obvious danger doctrine does not apply. In support, she directs this Court to *Laier v Kitchen*, 266 Mich App 482; 702 NW2d 199 (2005). Her reliance on *Laier*, however, is misplaced. In that case, the defendant was attempting repairs on a front-end loader when the bucket dropped and killed the plaintiff's son. *Id*. at 484. This Court held that the defendant's conduct, rather than a condition on the land, was the basis of liability, so the claim sounded in ordinary negligence, not premises liability. *Id*. at 493-494. Here, in contrast, Jones and Beri created the condition leading to Shalda's trip and fall, but after they did so, they left the area, other people walked past the hazard, and then Shalda encountered it. Therefore, unlike the defendant's conduct in *Laier*, the conduct in this case created a condition on the land, and it was the condition on the land, not defendant's conduct, that led to

Shalda's accident. Stated differently, the gravamen of her claim is that there was a dangerous condition on the property—specifically, there was a roll or wrinkle in the surface of the floor mat in the office building where she worked. Just because Shalda alleges that a negligent act caused the condition, does not mean that her claim is one for ordinary negligence rather than premises liability. See *Buhalis*, 296 Mich App at 692 (holding that when the plaintiff's injury arises from an allegedly dangerous condition on the land, the action sounds in premises liability, not ordinary negligence even when the plaintiff alleges that the defendant's negligent act created the condition leading to the plaintiff's injury). Accordingly, Shalda alleged an "injury by a condition on the land, and as such, [her] claim sounds exclusively in premises liability." *Kachudas v Invaders Self Auto Wash, Inc*, 486 Mich 913, 914; 781 NW2d 806 (2010).

## 2. SHALDA'S CLAIMS AGAINST CONTINUUM

Shalda next argues that her claim against Continuum sounded in ordinary negligence, rather than premises liability, because Continuum did not own the office building. Defendants argue that Shalda raises this argument for the first time on appeal, and because she did not raise this argument in the trial court, she has waived review of it on appeal. Michigan courts follow a "raise or waive" rule of appellate review. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). In a civil action, a "failure to timely raise an issue waives review of that issue on appeal." *Id*. (quotation marks and citation omitted). Shalda did not argue in the trial court that the open-and-obvious doctrine was inapplicable to Continuum because it did not own or possess the office building in which she was injured. Because she failed to raise this claim in the trial court, she has waived appellate review of this issue and we do not consider it.

## 3. SHALDA'S CLAIM AGAINST REDICO, LLC

Next, Shalda argues that the trial court improperly dismissed Redico, LLC on the basis that the hazard was open and obvious, without making any finding that Redico, LLC was an owner or possessor of the subject property.

In their motion for summary disposition, defendants asserted that Redico, LLC was an improper defendant. Defendants explained that 150 W. Jefferson was the owner of the building, that Continuum was the company that provided maintenance services at the building, and that a business entity called Redico Management, Inc. provided management services at the building. Defendants attached to their brief the management and lease agreement between 150 West Jefferson Owner, LLC and Redico Management, Inc., as proof that the latter company provided management services at the office building in question. Defendants argued that Redico, LLC was a separate and distinct entity from Redico Management, Inc., that Redico, LLC was "neither the owner nor the management company" for the building, and that it did not occupy the building in any way. For these reasons, defendants argued that Redico, LLC owed Shalda no legal duty, and that her claims against it should be dismissed as a matter of law.

In her response to defendants' motion for summary disposition, Shalda stated that she would "leave the decision of whether to dismiss Redico LLC to the Court's discretion." At oral argument on the motion, Shalda stated that, "if Redico, LLC is not the technical name of who the defendant should be . . . we're willing to go along with that." In doing so, Shalda waived appellate review of this issue. "Generally, a party may not remain silent in the trial court, only to prevail on

an issue that was not called to the trial court's attention. Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." *Walters*, 481 Mich at 388.[1]

## 4. OPEN AND OBVIOUS HAZARD

Finally, Shalda argues that the trial court erred by concluding that the hazard was open and obvious. We agree.

The test to determine if a condition is open and obvious is now well-established and oft repeated: "[w]ould an average user with ordinary intelligence have been able to discover the danger and the risk presented upon casual inspection?" *Novotney v Burger King*, 198 Mich App 470, 475; 499 NW2d 379 (1993). The chief problem with this test is that it provides no instruction to the bench and bar as to how they are to view and assess the condition. This case illustrates that difficulty.

Here, there is remarkably clear video from a security camera as well as still photographs taken from the video. As noted by the trial court, the raised portion of the rug on which Shalda tripped can be clearly seen in the video due to the contrasting color difference between the ripple and lighter colored marble floor. But the camera taking the video was positioned at an entirely different angle that was much higher, behind, and considerably to the side from the view which Shalda confronted when she exited the elevator. This contrast may not have been discernible when exiting the elevator. Thus, this case raises the question as to whether the fact that the defect in the rug is visible upon casual inspection from the security camera angle is dispositive proof that it would be visible upon casual inspection to an average person of ordinary intelligence as they exited the elevator. We conclude that it does not. It is axiomatic that hazards viewed from different angles, especially differences in the height between objects, may be more visible from one angle than another. Thus, when evaluating whether a hazard is open and obvious, although evidence that the hazard is clearly visible from an alternate, and possibly vantage angle, can be considered, the general field of view of someone likely to encounter the hazard should also be considered.

Here, four people are captured in the video footage near the scene where plaintiff fell. The first is the maintenance man who partially caused the wrinkle in the carpet and who seems unaware of it. The second is another maintenance man whose cart causes the carpet to rise even further. Third is a man carrying two watering cans. He appears to take no notice of the condition. Fourth and finally is a man who exits the elevator on a separate ride than that of Shalda. Nothing suggests that he notices the rise in the rug. Taken together, the reactions—or lack of reactions—of those four individuals to the condition that is plainly depicted from the vantage point of the camera allows for an inference that the defect was not apparent upon casual inspection by people limited by the field of view available to people walking.

---

[1] Although Shalda suggests on appeal that the trial court should have granted her leave to amend her complaint to add Redico Management, Inc. as a party, she made no request for leave to amend in the proceedings before the trial court. We discern no error in the court's failure to grant her relief that she did not ask for.

It also is significant that the two maintenance men had a duty higher than that of plaintiff. Whereas Shalda is charged with noticing the condition only upon "casual inspection" the maintenance men, as agents of the invitor/property owner in control of the premises, owed plaintiff, a business invitee, an affirmative duty to inspect the premises for hazards that might cause injury. See *Price v Kroger Co of Mich*, 284 Mich App 496, 500; 773 NW2d 739 (2009). In this regard, Shalda "was entitled to 'the highest level of protection' imposed under premises liability law." *Id*. (quotation marks and citation omitted). The landowner's duty encompasses not only warning an invitee of any known dangers, but also "the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *James v Alberts*, 464 Mich 12, 19-20; 626 NW2d 158 (2001). In this case, two men charged with inspecting the property for defects and repairing them walked by this rug seemingly without knowledge of its hazardous condition, let alone fixing it. This creates additional factual questions as to whether the condition was open and obvious. It also strongly suggests that the video camera depicts the rug in a condition that is not readily apparent upon casual inspection from the viewpoint of the workmen near, or people exiting, the elevator.

In sum, because of the markedly different field of view from the video camera and what a person walking might see, and because of the lack of reactions indicating awareness of the condition by the individuals walking in the hallway, we find that there was a factual question as to whether the rug's condition was open and obvious. Consequently, we reverse the trial court's order granting defendants summary disposition on Shalda's premises liability claim.[2]

We therefore reverse the trial court and remand for further proceedings consistent with the opinion. No taxable costs are awarded. MCR 7.219(A). We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Michael J. Kelly

---

[2] We note that, as it relates to Shalda's claim against Redico, LLC, the trial court never addressed defendants' argument as to whether Redico, LLC was a proper party. On remand, the trial court shall consider that aspect of defendants' motion for summary disposition.